[S. F. No. 16498.   In Bank.   Feb. 29, 1944.]

ALICE G. SAUNDERS, Individually and as Administratrix with the Will Annexed, etc., Appellant, v. THE HIBERNIA SAVINGS & LOAN SOCIETY (a Corporation) et al., Respondents.

[S. F. No. 16499.   In Bank.   Feb. 29, 1944.]

JULIA L. HAYES et al., Appellants, v. THE HIBERNIA SAVINGS & LOAN SOCIETY (a Corporation) et al., Respondents.

[S. F. No. 16501.   In Bank.   Feb. 29, 1944.]

VIRGINIA McARAN ORDWAY, Individually and as Administratrix, etc., Appellant, v. THE HIBERNIA SAVINGS & LOAN SOCIETY (a Corporation) et al., Respondents.

M. Mitchell Bourquin, Keyes & Erskine, George Olshausen,

Rosenshine, Hoffman, Davis & Martin, Heller, Ehrman, White & McAuliffe and Ross & Ross for Appellants.

Tobin & Tobin, Theodore J. Roche, Sullivan, Roche & Johnson, Garrett W. McEnerney, Garrett McEnerney II, Maurice E. Harrison and Brobeck, Phleger & Harrison for Respondents.

GIBSON, C. J. — The complaints in these cases contain substantially the same allegations as those in the Maguire case (*ante*, p. 719 [146 P.2d 673]), differing only in allegations respecting deraignment of title and amounts of deposits. The demurrers and the motions under section 1061 of the Code of Civil Procedure cover the same grounds as the demurrer and similar motion in the Maguire case. The decision in that case is therefore determinative of the main questions presented on these appeals.

A further problem is presented here, however, by the order of the trial court dismissing these actions upon the ground that the complaints were sham and based upon false allegations. The motions to dismiss for sham pleading attacked as false the allegations of the complaints respecting subsisting credit balances. The complaint in the Ordway action alleged that Patrick McAran became a member of and depositor in the society on May 16, 1859, that he and his successors in interest continuously maintained a deposit with the society from May 16, 1859, to the present time, which deposit on February 18, 1880, and all times subsequent, amounted to $246.10, and that plaintiff succeeded to his rights. Upon the motion to dismiss, defendants introduced affidavits and depositions showing that Patrick McAran's account was closed on February 18, 1880, by the payment of the then balance of $246.10 to the sheriff under an execution issued pursuant to a judgment rendered against McAran by the superior court, that no money had been on deposit to McAran's credit after that date, and that plaintiff had knowledge of those facts. The complaints in the Hayes and Saunders actions alleged that Julia Leary and John Barron became members and depositors on November 20, 1860, and May 18, 1861, that they and their successors in interest maintained deposits with the society at all times after November 20, 1860, and May 18, 1861, which deposits amounted to $36.91 and $18.35, respectively, on and at all

times subsequent to January 9, 1933, and that plaintiffs succeeded to their rights. The motions to dismiss directed to these actions were supported by affidavits, a judgment of the superior court, and record of satisfaction of the judgment, which showed that on April 21, 1933, the society paid to the state the credit balances then in the accounts of Julia Leary and John Barron pursuant to a judgment of escheat dated January 9, 1933, that no money had thereafter been deposited to the credit of either Julia Leary or John Barron, and that plaintiffs had knowledge of those facts. The proof thus presented constitutes at least a prima facie showing that the allegations respecting credit balances are fictitious.

The motions in these cases were acted upon before section 437c of the Code of Civil Procedure was amended to authorize the dismissal of a complaint in certain specified actions upon motion supported by affidavits showing the action has no merit. Assuming, but not deciding, that independent of statutory authority, a court may dismiss an action on the ground that the complaint, although good on its face, is false in fact, we are satisfied that the trial court erred in dismissing these actions since the absence of subsisting credit balances is not fatal to count one of the complaint, which we held in the Maguire case stated sufficient facts to constitute a cause of action. In count one plaintiffs seek declaratory relief as successors in interest to persons who entered into "contracts of membership" with the society by signing the bylaws of 1859 and paying the entrance fee of two dollars. Even if it is conceded that the allegations respecting credit balances are false, the cause of action stated in count one is not thereby affected since the *existence of the controversies* concerning plaintiffs' status as members is not dependent upon subsisting deposits. Thus, while count two, which is based upon plaintiffs' rights as depositors, may have been subject to a motion to strike, the court was not justified in dismissing the actions. ■ It is error to dismiss a complaint for sham pleading if it contains at least one cause of action which is unassailable. The situation is analogous to the case where a general demurrer is interposed to a complaint containing several counts, one of which states a cause of action. (*Brandt* v. *Brandt*, 178 Cal. 548 [174 P. 55]; see, also, cases cited in 21 Cal.Jur. 117.) We do not, of course,

express any opinion as to the effect of the absence of continued credit balances upon the merits of these cases.

The judgments in the three actions are reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Ward, J. pro tem., and Griffin, J. pro tem., concurred.

Respondents' petition for a rehearing was denied March 27, 1944.