[S. F. No. 16495. In Bank. Feb. 29, 1944.]

CATHERINE M. ARNOLD, Appellant, v. THE HIBERNIA SAVINGS & LOAN SOCIETY (a Corporation) et al., Respondents.

[S. F. No. 16497. In Bank. Feb. 29, 1944.]

AILEEN K. VAGER, Appellant, v. THE HIBERNIA SAVINGS & LOAN SOCIETY (a Corporation) et al., Respondents.

[S. F. No. 16502. In Bank. Feb. 29, 1944.]

WELLS FARGO BANK & UNION TRUST COMPANY (a Corporation), as Trustee, etc., Appellant, v. THE HIBERNIA SAVINGS & LOAN SOCIETY (a Corporation) et al., Respondents.

M. Mitchell Bourquin, Keyes & Erskine, George Olshausen, Rosenshine, Hoffman, Davis & Martin, Heller, Ehrman, White & McAuliffe and Ross & Ross for Appellants.

Tobin & Tobin, Theodore J. Roche, Sullivan, Roche & Johnson, Garrett W. McEnerney, Garrett McEnerney II, Maurice E. Harrison and Brobeck, Phleger & Harrison for Respondents.

GIBSON, C. J.—The above entitled cases are companion to *Maguire* v. *Hibernia Savings & Loan Society et al.*, this day decided. (*Ante*, p. 719 [146 P.2d 673].)

Plaintiffs claim membership in the society as assignees of various persons, who, it is alleged, entered into ''contracts of membership'' with the society between 1859 and 1864, by signing the bylaws of 1859 and paying the entrance fee of two dollars. The complaints contain but one count which is similar to the first count of the complaint in the Maguire case. The only material difference is that the complaints herein show that there has been no continuous maintenance of deposits with the society while the complaint in the Maguire case alleged that plaintiffs and their predecessor continuously maintained a deposit with the society.

We are of the opinion that the trial court erred in sustaining demurrers to the complaints and in granting motions to dismiss the actions under section 1061 of the Code of Civil Procedure for the reasons set forth in the Maguire case, *ante,* p. 719 [146 P.2d 673], and the Saunders case, *ante,* p. 738 [146 P.2d 683].

Additional considerations are presented by these appeals, however, as the trial court granted motions made by six of the individual defendants to dismiss the actions on the ground that the complaints were sham and based upon false allegations *respecting the assignments of memberships, deposit accounts, and passbooks.* The motions were supported by affidavits, depositions, papers, records and pleadings on file in these and companion cases.

The complaint in the Arnold action alleged that Catherine Dowling Arnold, who became a member of and depositor in the society on December 8, 1862, assigned all her right, title and interest in her account, all moneys on deposit, and all rights of membership to plaintiff on September 30, 1903. In support of the motion to dismiss it was shown that on August 31, 1916, plaintiff presented to the society a writing dated September 30, 1903, whereby Catherine Dowling Arnold assigned to plaintiff "all moneys . . . on deposit . . . as represented by Pass book issued by said Society. . . . And all my right and interest in said Said Book and the amount therein represented to which I am or may be entitled."

The complaint in the Vager action alleged that Catherine Murphy Keefe became a member and depositor on October 7, 1862, that she assigned all her right, title and interest in her account, all moneys on deposit, and rights of membership to Catherine V. Keefe on July 22, 1916, and that Catherine V. Keefe assigned her interest to plaintiff on December 23, 1932. Proof was presented by defendants that Catherine Murphy Keefe closed her account on September 25, 1913, that she gave her original passbook to Catherine V. Keefe in 1916, stating that if "anything ever came out of this, any interest in it," she wanted Catherine V. Keefe to have it, and that shortly before her death, Catherine V. Keefe delivered the passbook to an attorney to hold for plaintiff.

In the Wells Fargo action it was alleged that Patrick Plover became a member and depositor on September 8, 1860, that he assigned all his right, title and interest in his account, passbook, all moneys on deposit, and rights of membership to

Jane Plover on January 1, 1901, that Jane Plover assigned her interest to John Plover on August 13, 1914, and that John Plover died testate on October 10, 1934, naming plaintiff trustee of his estate. The motion to dismiss was supported by proof that Patrick Plover died on January 16, 1901, that Jane Plover, his widow, withdrew the balance to his account on August 14, 1914, by statutory affidavit ordering payment of the balance to John Plover, and that John Plover received the same and opened an account therewith in his own name. It further appeared that at the hearing upon an earlier motion, counsel for plaintiff, in response to a request to produce the assignment from Patrick to Jane Plover, stated that he had no such assignment in his possession and that he did not know whether there was a written assignment.

The motions in these cases were acted upon before section 437c of the Code of Civil Procedure was amended to authorize the dismissal of a complaint in certain specified actions upon motion supported by affidavits showing the action has no merit. Assuming, but not deciding, that independent of statutory authority a court may dismiss an action on the ground that the complaint, although good on its face, is false in fact, it is obvious that the proof presented in support of these motions does not expressly controvert the allegations of the complaints respecting assignments. Defendants argue, however, that from proof of the assignment of the deposit account in the Arnold case it may be inferred there was no assignment of membership; that from proof of the manual tradition of the passbook in the Vager case it may be inferred there was no assignment of membership; and that the use of the statutory affidavit by the widow in the Wells Fargo case, as well as counsel's unwillingness or inability to produce a written assignment therein, showed that there was no assignment of either deposit account or membership. The theory of defendants apparently is that the trial court in passing on the motions was at liberty to infer from the proof that the allegations were false or that plaintiffs would be unable to substantiate them. ■ The rule is that before a court can strike a pleading as sham or dismiss a complaint under section 437c it must clearly appear that the allegations are false or that the action is without merit, and every reasonable doubt must be resolved in favor of the pleading. (*Continental etc. Assn.* v. *Boggess,* 145 Cal. 30, 34 [78 P. 245]; *Eagle Oil*

*& Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264];
see 49 C.J. 702.)

The principles announced in *Eagle Oil & Ref. Co.* v.
*Prentice, supra,* at pages 555-556, with respect to a motion for
summary judgment under section 437c of the Code of Civil
Procedure, are pertinent here. It was there said: "The issue
to be determined by the trial court in consideration of a mo-
tion thereunder is whether or not defendant has presented any
facts which give rise to a triable issue or defense, and not to
pass upon or determine the issue itself, that is, the true facts
in the case. . . . If that were not true, controversial issues
of fact would be tried upon affidavits by the court and not a
jury. Because the procedure is summary and presented on
affidavits without the benefit of cross-examination, a trial by
jury and opportunity to observe the demeanor of witnesses
in giving their testimony, the affidavits filed on behalf of the
defendant should be liberally construed to the end that he will
not be summarily deprived of the full hearing available at a
trial of the action and the rights incident thereto. The pro-
cedure is drastic and should be used with caution in order
that it may not become a substitute for existing methods in
the determination of issues of fact."

The judgments in the three cases are reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Ward, J.
pro tem., and Griffin, J. pro tem., concurred.

Respondents' petition for a rehearing was denied March
27, 1944.