[Civ. No. 15962.  Second Dist., Div. Two.  Nov. 6, 1947.]

MILTON KAUFFMAN, INC., Appellant, v. ELLA JUDD
SMITH, Respondent.

Sullivan, Lane & Clarke and Robert J. Sullivan for Appellant.

Howard F. Shepherd for Respondent.

WILSON, J.—This is an action for specific performance of an agreement made by respondent to convey real property to appellant. Judgment was entered in favor of respondent and appellant appeals, assigning as errors the insufficiency of the evidence to sustain several findings of fact.

By an agreement in writing respondent agreed to convey to appellant approximately 19½ acres of land in Los Angeles County for the sum of $22,000. A deposit of $1,000 was made on the purchase price at the time of the execution of the agreement. Within a few days thereafter respondent returned the deposit and notified appellant that she refused to perform the contract. The ground of refusal was that the contract was unfair, unjust and inequitable to her for the reason that the consideration agreed to be paid for the property was grossly inadequate.

At the outset our attention has been called to the fact that the verified complaint alleges that pursuant to the contract of sale appellant deposited in escrow the sum of $10,000 in cash, together with a deed of trust on the property securing appellant's note in the sum of $11,000. The complaint was filed on March 7, 1946. The escrow clerk who had charge of the escrow produced the escrow record and testified therefrom that the sum of $10,000 was not deposited until April 12, 1946, one month and five days after the complaint was filed, and the deed of trust was not deposited until March 29, or 22 days after the commencement of the action. This evidence was not denied. Since the cash payment and the deed of trust were not deposited in escrow until long after the complaint was filed the allegations in the verified complaint were untrue and appellant was not in a position to maintain the action for the reason that at the date of its commencement appellant had not fulfilled the terms of the contract on its part to be performed.

█ The complaint contains an allegation that the consideration named in the agreement was the fair, just and reasonable value of the property and was otherwise in all respects fair, just and equitable. Respondent denied this allegation and alleged that at the time the agreement was executed the fair, just and reasonable value of the property was not less than $35,000.

Respondent and a bank appraiser testified that the value of the property on the date of the agreement was $30,000. Milton Kauffman, president of appellant, testified that the property was worth $800 to $1,000 an acre. There was other evidence on behalf of appellant that the price named in the contract was the fair market value of the property. On cross-examination of Kauffman it was shown that appellant had filed an action for damages for breach of the same contract wherein the verified complaint alleged the value of the property to have been $50,000 and that appellant had been damaged in the sum of $28,000, the difference between the alleged value and the contract price.

The court found that the consideration named in the agreement was not the fair, just or reasonable value of the property on the date of the agreement, and that the fair market value thereof on that date was $30,000. Appellant concedes that all conflicts in the evidence are to be resolved in favor of the judgment but argues in the same breath that the trial court ignored the evidence in favor of appellant, and that respondent's evidence as to value is based upon a misconception of that term as it has been defined in the decisions of the appellate courts. We find nothing in the record to justify this criticism.

█ It is the universal rule that the market value of property is measured by the highest price estimated in terms of money which the land would bring if exposed for sale in the open market, with reasonable time allowed in which to find a purchaser, buying with knowledge of all the uses and purposes to which it was adapted and for which it was capable. The test is "the fair market value of the land in view of all the purposes to which it is naturally adapted." (*Sacramento Southern R. R. Co.* v. *Heilbron,* 156 Cal. 408, 409, 412 [104 P. 979].)

█ In an action for specific performance the plaintiff must allege and prove adequacy of consideration and that the agreement is not as to the other party unconscionable or

inequitable. (*Mayers* v. *Alexander*, 73 Cal.App.2d 752, 762 [167 P.2d 818].) In *Wilson* v. *White*, 161 Cal. 453, 464 [119 P. 895], $14,000 was held to be an inadequate consideration for property valued at $15,000, and in *Haddock* v. *Knapp*, 171 Cal. 59 [151 P. 1140], where the consideration agreed to be paid was $1,800 for property worth $2,500, a decree refusing specific performance was sustained.

The court also found upon sufficient substantial evidence, not necessary to be related in detail, that the contract had been obtained from respondent through misrepresentations.

Since the findings in favor of respondent on the questions of adequacy of consideration and misrepresentations are sustained by the evidence it is unnecessary to discuss appellant's assignments of error predicated on alleged insufficiency of the evidence to sustain other findings.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 5, 1948.