BTJRCH, J.
This is an action for a real estate broker’s commission. Upon a showing that plaintiff was a licensed broker, that defendant listed for sale with plaintiff exclusively for 30 days her certain real property, and that plaintiff obtained thereunder from Mr. and Mrs. Baker a written firm offer in accordance with the terms of the listing which was accepted by defendant, the trial court granted plaintiff a summary judgment against defendant. The holding in Twogood v. Monnette, 191 Cal. 103 [215 P. 542], is to the effect that a broker employed to sell real or personal property has earned his commission when he has produced a person who is ready, willing and able to purchase the property on terms satisfactory to the seller, and has obtained a binding and valid contract for a sale on the terms proposed by the seller. (See, also, Clements v. Rankin, 83 Cal.App.2d 779, 786 [189 P.2d 725]; Walter v. Libby, 72 Cal.App.2d 138, 142 [164 P.2d 21].)
The plaintiff, on making his motion for summary judgment, set out the above facts in his affidavit, and this would seem to support the summary judgment under section 437c of the Code of Civil Procedure unless defendant’s affidavits, liberally construed, disclose an issue of fact to be tried (Walsh v. Walsh, 18 Cal.2d 439 [116 P.2d 62]; Eagle Oil & Refining Co. v. Prentice, 19 Cal.2d 553 [122 P.2d 264] ; Arnold v. Hibernia Sav. & L. Soc., 23 Cal.2d 741 [146 P.2d 684]), in which latter event the motion should be denied. An examination of defendant’s affidavits in resisting the motion discloses no fact which would defeat plaintiff’s right, and in some respects strengthens plaintiff’s showing.
Defendant averred that she had brought in superior court an action for specific performance against the purchasers, Mr. and Mrs. Baker, on the contract which resulted from defendant’s acceptance of the Bakers’ offer. Defendant also set out in haec verba the contract sued on by her, and *Supp. 3 the same contains a specific acknowledgment of a commission of $575 due plaintiff from defendant. The superior court action was dismissed with prejudice by defendant, April 23, 1952. Defendant contended on appeal that plaintiff’s action should abate until decision in the superior court action. The point is mooted by defendant’s dismissal, but we think plaintiff’s right would exist independently of any outcome there. The contract upon which defendant sued the Bakers is admittedly the fruit of plaintiff’s labors, but the action of specific performance may be defended on equitable considerations not pertinent to plaintiff’s action. (Kauffman, Inc. v. Smith, 82 Cal.App.2d 302 [186 P.2d 11].) Defendant further undertook in her affidavit to show an agreement of compromise and settlement of plaintiff’s claim for $50, which sum when offered was refused by plaintiff. The claimed agreement is unsupported by consideration, since the contract which resulted from defendant’s acceptance of the Baker offer, unequivocally acknowledged the debt for commission to plaintiff in the sum of $575.
It was alleged in the affidavits of Mr. and Mrs. Baker that they conferred with plaintiff on November 28, 1951, that he showed them another property on that date, and suggested to them that they might recover for use on the new purchase a sum of $1,500 which on August 18, 1951, had been deposited by them in escrow on the purchase of defendant’s property. The Bakers were prepared so to testify. Neither of them avers that they were in any way influenced by the action to repudiate their contract with defendant.
We find no fact averred in this connection to dirmuish or defeat plaintiff’s claim. On November 28, 1951, plaintiff had fully performed according to the stipulations of his employment contract and his duty as a broker under the law, and defendant, according to her affidavit, was disputing the claim and seeldng to compromise it, but her affidavit gives us no material fact upon which she based her contention that the whole commission was not due. No other points are raised on appeal. We think the summary judgment should be affirmed.
Glen, J., concurred.
Judge Turrentine, deeming himself disqualified, does not participate in the foregoing opinion.