[Civ. No. 4276. Fourth Dist. June 25, 1952.]

SAMUEL ROSE et al., Respondents, v. GUY ARNWINE et al., Appellants.

Jennings, Engstrand & Henrikson for Appellants.

James B. Abbey and Garfield & Garfield for Respondents.

GRIFFIN, J.—Plaintiffs brought this action against defendants to recover upon a promissory note for $500, made on May 17, 1948. It was secured by a pledge of a third trust

deed for $4,215, executed by Harley V. Cooper, on April 24, 1948.

Defendants answered and in effect admitted the due execution of the note, that it was past due, and had not been paid. By way of cross-complaint they alleged that plaintiffs were guilty of conversion of the third trust deed in its principal sum, and sought damages accordingly. The court found against defendants on the cross-complaint and in favor of plaintiffs and rendered judgment accordingly. Defendants appeal. There is little controversy pertaining to the facts in reference to the claimed conversion.

Defendants owned a small parcel of property on a hillside near Spring Valley. They constructed what plaintiffs described as a "home-made" house on it, the value of which is one of the main factors in dispute. Defendants sold the property, through plaintiffs' agent, Wilbur Young, to one Harley B. Cooper for $10,500, on April 23, 1948. The property was taken subject to a first trust deed for approximately $4,000. Under the terms of sale the purchaser agreed to assume this trust deed, pay $1,000 cash, and give a second trust deed for $2,350, payable to the agent Young for a loan made by him to the purchaser. He assigned the second trust deed to plaintiffs. Cooper then executed to defendants the note and third trust deed here in question, which was payable 90 days from the close of escrow. Money which the purchaser thought would arrive to make the payments on the trust deeds failed to materialize and the payments on the third deed of trust became delinquent on July 30, 1948. Demand was made for payment but no payment was made thereon. In May, 1949, the first and second deeds of trust became delinquent. Plaintiffs, to protect their interests, commenced making payments on the first deed of trust and paid all delinquent taxes and insurance. Defendants borrowed $500 from plaintiffs and, before its maturity, assigned to them the third deed of trust as security. During this time Cooper borrowed $700 from plaintiffs. Cooper paid that money to defendants to apply on the third deed of trust but defendants failed to pay any part of it to plaintiffs.

According to plaintiffs' testimony, plaintiffs applied at the title company to foreclose on the third deed of trust but were told that they were not entitled to do so since they were only holding it as security; that plaintiffs were then advised to foreclose on the second deed of trust which they did do. Defendants endeavored to make some form of financial arrange-

ments so as to protect their interests. Plaintiffs made an offer to them to substitute their second deed of trust for a third trust deed position if a first trust deed loan could be arranged. Defendants were unsuccessful in this endeavor.

On October 6, 1949, a foreclosure sale was had under the second deed of trust. Defendant, Mr. Arnwine, attended the sale. Plaintiffs bid in the property for $2,600, the money they claim they had in the place, and Mr. Rose told Arnwine, at that time, if he would bid $100 more, he could have it, or if he would give plaintiffs the money they had in it, he would give him the property. Arnwine did nothing.

At the trial the parties stipulated that the third trust deed, since the foreclosure of the second trust deed, had no value. Defendants claim that plaintiffs should have foreclosed the third deed of trust and thereby protected defendants' security and equity in the property, and that by foreclosing the second deed of trust plaintiffs "fraudulently" designed to render defendants' security valueless and "to defraud" them of their interests therein. The court found that this allegation was not true.

Considerable testimony was taken *in re* good faith of the plaintiffs, and particularly as to the value of the property and the possibility of the third deed of trust having any value at all at the time of the foreclosure sale under the second deed of trust. The court found it was valueless "prior to the commencement of said foreclosure proceedings," and that if any conversion resulted defendants were not damaged as a result of it.

The court found generally in favor of plaintiffs on all other facts above set out; that the "forced sale value" of the property at the time of foreclosure was $6,160 which, at that time, was subject to a first trust deed of $4,000, a second trust deed of $2,325, the third trust deed pledged in connection with the $500 note, and certain taxes and insurance paid by plaintiffs, amounting to $243.63; that during the time the third deed of trust was pledged, Rose made every possible effort to collect it and to protect the security pledged, and that he was the holder of the $500 note in good faith and for valuable consideration.

Defendants argue that the facts conclusively show a conversion. They cite 21 California Jurisprudence, page 323, section 31; 37 California Law Review, page 539, and such cases as *Mitchell* v. *Automobile Owners Ind. Underwriters,*

19 Cal.2d 1 [118 P.2d 815, 137 A.L.R. 923]; and *Revert* v. *Hesse,* 184 Cal. 295 [193 P. 943].

■ If the evidence is sufficient to support the finding of the trial court that the third trust deed was valueless prior to the foreclosure sale, and that defendants therefore suffered no damage by the alleged conversion, it is unnecessary to discuss this proposition.

Counsel for defendants claim that the trial court did not calculate the outstanding indebtedness against the property in the proper manner and that the court erroneously fixed the "forced sale" value, rather than the fair market value, as the proper means in determining the equitable value of the third deed of trust, citing *Sacramento Etc. R. R. Co.* v. *Heilbron,* 156 Cal. 408 [104 P. 979]; and *Milton Kauffman, Inc.* v. *Smith,* 82 Cal.App.2d 302 [186 P.2d 11].

There is testimony by plaintiff, Mr. Rose, a broker, that he considered its original sale value at about $7,000; that the house was in a dilapidated condition at the time of the foreclosure sale, and that he considered its fair market value at that time to be $6,200 to $6,500. It was agreed that an inheritance tax appraiser fix the value as of October 6, 1949. His appraisal showed a valuation of $8,985, "but if sold at forced sale" it would be 30 per cent less. Two other appraisers fixed its value at $5,500 to $6,000, as of September 12, 1949, due to its run-down condition and type of construction.

The calculations arrived at by the trial court are sufficiently established. It clearly appears that a sale under foreclosure of the third trust deed would have been as much of a "forced sale" as a sale under the second trust deed. The evidence is sufficient to support the ultimate finding that the third deed of trust was valueless at the time of and prior to the forced sale, and that defendants suffered no damage as a result of any claimed conversion.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.