[S. F. No. 19361.   In Bank.   Feb. 10, 1956.]

ERIC ROGER PIANKA, a Minor, etc., Appellant, v. STATE OF CALIFORNIA et al., Respondents.

Hoberg & Finger and Ingemar E. Hoberg for Appellant.

Bronson, Bronson & McKinnon, E. D. Bronson, Jr., Edmund G. Brown, Attorney General, John E. Fourt and Richard S. F. Roddis, Deputy Attorneys General, for Respondents.

GIBSON, C. J.—Plaintiff, a minor, is seeking damages for personal injuries resulting from the explosion of a shell which was left by the National Guard on a public firing range of the city of Yreka at the conclusion of a public demonstration. Defendants, without filing an answer, raised the defense of sovereign immunity by means of a motion to dismiss supported by an affidavit. The court granted the

motion, and plaintiff has appealed from the judgment of dismissal.

The complaint alleges that the firing demonstration was held for the entertainment of the public generally, that it was widely advertised in the local newspapers and that all members of the public were invited to attend. It is further alleged that defendant negligently left an unexploded shell on the public firing range where it would be attractive to young children and that, as a proximate cause of such negligence, plaintiff was injured. A claim, which was duly served and filed pursuant to section 16041 of the Government Code,* was denied.

The affidavit in support of the motion to dismiss stated that the firing demonstration had been conducted solely for the purpose of gaining recruits for the National Guard and that no admission charge was made.

■ The state and its agencies are immune from liability for tort in the discharge of governmental duties and activities, but liability exists for negligence in connection with proprietary activities such as the operation of an industrial or business enterprise. (Gov. Code, § 16041; *Guidi* v. *State,* 41 Cal.2d 623, 625 et seq. [262 P.2d 3] ; *People* v. *Superior Court,* 29 Cal.2d 754, 757 et seq. [178 P.2d 1, 40 A.L.R.2d 919], and cases cited.) ■ Governmental immunity turns on the nature of the particular activity that led to the injury, not on the identity of the governmental subdivision or agency carrying on the enterprise, and it has been held that the state may be acting in a proprietary capacity when it enters into activities designed to amuse and entertain the public. (*Guidi* v. *State,* 41 Cal.2d 623, 627 [262 P.2d 3] ; *cf. Chafor* v. *City of Long Beach,* 174 Cal. 478 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917E 685] ; *Rhodes* v. *City of Palo Alto,* 100 Cal.App.2d 336 [223 P.2d 639] ; *Sanders* v. *City of Long Beach,* 54 Cal.App.2d 651 [129 P.2d 511].)

■ The complaint states a cause of action on the theory of negligence in carrying on a proprietary activity, and, so far as appears from the face of the pleading, there is no lack of personal or subject matter jurisdiction.

---

*Section 16041 of the Government Code provides: "Any person who has a claim against the State . . . (2) for negligence . . . shall present the claim to the [State Board of Control] in accordance with Section 16021. If the claim is rejected or disallowed by the board, the claimant may bring an action against the State on the claim and prosecute it to final judgment, subject to the conditions prescribed by this chapter."

Defendant raised the defense of sovereign immunity by means of a procedure commonly called a "speaking motion" which, although not authorized by statute, has been permitted by the courts under certain circumstances in the exercise of their inherent power to prevent an abuse of judicial process. (*Crowley* v. *Modern Faucet Mfg. Co.*, 44 Cal.2d 321, 324-325 [282 P.2d 33]; *McKenna* v. *Elliott & Horne Co.*, 118 Cal. App.2d 551, 555 [258 P.2d 528]; *Cunha* v. *Anglo California Nat. Bank*, 34 Cal.App.2d 383, 388-389 [93 P.2d 572]; see 2 Witkin, California Procedure (1954) 1500-1501.) ▮ However, nonstatutory speaking motions have now been superseded by the procedure governing motions for summary judgment contained in section 437c of the Code of Civil Procedure.* ▮ This section was originally very limited in scope, but it has been broadened by a series of amendments and now applies "in any kind of action" and provides that the "word 'action' . . . shall be construed to include all types of proceedings." ▮ Under this section a motion supported by affidavit of a person having knowledge of the facts may be made after answer whenever it is claimed that the action has no merit, and the complaint may be dismissed unless the other party shows facts sufficient to present a triable issue. ▮ The remedy afforded by this section is broad enough to cover all situations in which speaking motions

*Section 437c of the Code of Civil Procedure, as amended in 1953, provides that "when an answer is filed in any kind of action if it is claimed that . . . the action has no merit, on motion . . . after notice . . . supported by affidavit of any person or persons having knowledge of the facts, . . . the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. . . . The word 'action' as used in this section shall be construed to include all types of proceedings.

"The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto.

"'The affidavit or affidavits in opposition to said motion shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action (or to a portion thereof) or that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. . . .''

have been employed, and there is therefore no longer any need for the nonstatutory procedure. ■ In the interests of orderly and efficient administration of justice the litigant should be required to employ the statutory remedy, and a speaking motion to dismiss should be treated as a motion for summary judgment in order to preserve the safeguards provided by the statute.

The procedure followed by defendants here wholly failed to meet the requirements of section 437c. However, the statute does not expressly state that it was intended to supersede speaking motions, and the parties did not consider its applicability in this proceeding. Accordingly, since this is the first time the question has been decided, we have tested the propriety of the judgment under the rules laid down by the decisions involving speaking motions. ■ It has been uniformly held that it was error to grant such a motion where the affidavit did no more than controvert a material allegation of the complaint and create an issue of fact which could not be properly tried on affidavits. (*Arnold* v. *Hibernia Sav. & L. Soc.*, 23 Cal.2d 741, 744-745 [146 P.2d 684] ; see *Saunders* v. *Hibernia Sav. & L. Soc.*, 23 Cal.2d 738, 740 [146 P.2d 683] ; Chance, *Some Practical Suggestions on Defense Motions and Other Procedures Before Trial* (1952), 40 Cal.L.Rev. 192, 197, 199.) ■ In the present case the averment in the supporting affidavit that the firing demonstration was conducted by a unit of the National Guard "solely for the purpose of gaining recruits" at most serves only to controvert the allegation of the complaint that the demonstration was conducted for the entertainment of the public generally, and thus discloses the existence of a question of fact which may not be decided on affidavits but must be tried in the usual manner. (See *Arnold* v. *Hibernia Sav. & L. Soc.*, 23 Cal.2d 741, 744-745 [146 P.2d 684].) Cases involving nonstatutory speaking motions which held that a plaintiff was under a duty to file a counteraffidavit when the moving party had alleged what appeared to be incontrovertible grounds for dismissal are not in point. (See *Crowley* v. *Modern Faucet Mfg. Co.*, 44 Cal.2d 321, 324 [282 P.2d 33] ; *Cunha* v. *Anglo California Nat. Bank*, 34 Cal.App.2d 383, 391-392 [93 P.2d 572].)

The judgment is reversed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.