[Civ. No. 55280. Second Dist., Div. Four. Sept. 20, 1979.]

ADULT FILM ASSOCIATION OF AMERICA, INC., et al.,
Plaintiffs and Appellants, v.
TIMES MIRROR COMPANY, Defendant and Respondent.

## COUNSEL

Rhine & McDaniel and Joseph Rhine for Plaintiffs and Appellants.

Robert C. Lobdell, William A. Niese, Gibson, Dunn & Crutcher, Robert S. Warren and Martin C. Washton for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—Plaintiffs appeal from an order dismissing their first amended complaint after an order sustaining with leave to amend, a demurrer to that complaint and an order striking the third cause of action therein for sham. We affirm the order.

Plaintiffs are producers and exhibitors of what their complaint characterizes as "sexually explicit motion picture films" and an association of such producers and exhibitors. The complaint before us alleges three causes of action: (1) for intentional interference with contractual relationships with the customers; (2) for a similar interference with relationships between plaintiffs and other newspapers; and (3) a conspiracy between defendant newspaper and other producers and exhibitors of similar films to interfere with plaintiffs' relationships with their customers by refusing advertisements by plaintiffs while publishing advertisements by such other producers and exhibitors.

The litigation grows out of the decision by defendant to refuse future advertisements of plaintiffs' films. Since plaintiffs elected not to amend further, their complaint must, in this court, stand or fall on the allegations made therein. We so treat it.

## I

■ In addition to a demurrer to the third cause of action, alleging a conspiracy, defendant interposed a motion to strike that cause of action as being sham. That motion was supported by a declaration, never contradicted, by the publisher of defendant, to the effect that the decision to refuse advertisments by plaintiffs was his own editorial decision, made without any agreement between defendant and another newspaper or other prospective advertiser. Standing, thus, uncontradicted, the declaration was adequate to sustain the order striking the conspiracy claim.

In *Pianka* v. *State of California* (1956) 46 Cal.2d 208 [293 P.2d 458], the Supreme Court held that the adoption of section 437c of the Code of Civil Procedure superseded the judicially recognized motion to strike as sham and became the sole procedure by which a pleading could be attacked on that ground. However, in repeating its adherence to that rule, the court in *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151] said (at p. 169): "We . . . treat the motion to strike in the instant case as a motion for summary judgment." In the *Sager* case the court then discussed the affidavit offered in support of the motion and found it insufficient to support a summary judgment. In the case at bench we have similarly examined the declaration offered in support of the motion and, as we have said above, find it sufficient to support a partial summary judgment on the third cause of action.

## II

■ The theory of the first cause of action is that, by refusing to publish plaintiffs' advertisements, defendant has interfered with the relationship between plaintiffs and potential customers, by denying to plaintiffs the opportunity to bring to the attention of such potential customers the films that plaintiffs produce and exhibit.

We quote the language of the trial court in sustaining the demurrer to that first cause of action: "No breach of any contractual obligation is pleaded, and the precise nature of any tort sought to be pleaded is not clearly identified. It appears to be the theory that a tortious interference

with the economic expectations of plaintiffs results from the failure of the Times to continue its business relationship with the plaintiffs, knowing or intending that the result will be reduced attendance at their theaters.

"No authority is cited for the proposition that any person engaged in a business relationship with another, absent a contractual obligation, a statutory duty, or a duty grounded in public policy, is obligated to continue such relationship, even with the knowledge that such termination will of certainty result in economic injury to the other. To the contrary, in the absence of a legal mandate that he may not do so, a person engaged in business is free to choose with whom he will contract for whatever motivation, unless it is one clearly proscribed by law." We agree with that statement. We know of no authority, and we are cited to none, that imposes liability on a business man—newspaper publisher or other—for a mere refusal to continue to deal with a former customer. That is all that the first cause of action before us alleges.[1] Nothing alleged against defendant claims that defendant has prevented anyone from attending the theaters in which plaintiffs' pictures are shown. All that appears from the complaint is that the defendant newspaper has elected not to *further* the business of plaintiffs, leaving plaintiffs to continue their business with any other means of attracting customers that they may choose to utiltize.

## III

Although the second cause of action appears to claim that defendant had caused other newspapers to engage in a similar refusal, when analyzed the complaint says no more than that, because defendant newspaper is a major newspaper in this area, its example has "induced" other papers to follow a similar policy. Absent any factual allegations— which plaintiffs have choosen not to make—that the defendant had even asked its competitors to follow its example, defendant is not liable for the decisions of such competitors to adopt or reject defendant's policy.

## IV

Defendant's brief contains a long section contending that to recognize plaintiffs' contentions here would result in depriving defendant of the right of free speech guaranteed by the state and federal Constitutions. Since we conclude, for the reasons set forth above, that principles

---

[1] It is not contended that defendant breached any contract for advertising with plaintiffs; the conduct complained of consisted of refusing to renew earlier contracts.

applicable to all businesses compel a rejection of plaintiffs' position, we need not, and do not, determine whether this defendant, as a newspaper, enjoys any additional rights.

The judgment is affirmed.

Files, P. J., and Alarcon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 15, 1979.