Filed 10/11/22  Estate of Hamilton CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Estate of LOIS C. HAMILTON, Deceased. | 2d Civil No. B314993 (Super. Ct. No. 20PR00031) (Santa Barbara County) |
| KIMBERLY IRENE MEARIG,<br><br>Petitioner and Appellant,<br><br>v.<br><br>GREGORY V. HAMILTON,<br><br>Objector and Respondent. | |

Lois C. Hamilton (Lois) and Van R. Hamilton (Van) were married with no children from the marriage.  Both are deceased.  Lois had a daughter – appellant Kimberly Irene Mearig.  Van had two sons – Eric J. Hamilton and respondent Gregory V. Hamilton.  After the death of Lois, appellant was appointed administrator of her estate.

Appellant filed an appeal from the judgment dismissing with prejudice her amended verified petition to confirm Lois's community property interest in a home (the property) in Santa Barbara. Lois and Van resided there until Lois was placed in an assisted living facility. Years before her death, Lois conveyed her interest in the property to Van's personal trust. Appellant claims that, after the conveyance, Lois acquired a community property interest in the property because mortgage payments were made from community property funds. But pursuant to an amendment of Van's trust, upon his death the property passed to Van's children. Title to the property is presently held by respondent.

We conclude that respondent's motion to dismiss appellant's amended petition was an unauthorized "speaking motion" because it was based on evidence extrinsic to the pleadings. The trial court should have treated it as a motion for summary judgment, but instead treated it as a motion to dismiss on the merits. Because the trial court failed to follow protective procedures applicable to summary judgment motions, we reverse.

*Appellant's Amended Petition*

Appellant filed the original petition on December 22, 2020. She filed the amended verified petition in May 2021. It is entitled, "Amended Petition to Determine Title to and Require Transfer of Real Property to Estate." (Bold and some Capitalization omitted.) The amended petition alleged that it was brought pursuant to Probate Code section 850, subdivision (a)(2)(D), which provides that "[t]he personal representative [of the decedent] or any interested person" may file a petition for an appropriate order "[w]here the decedent died having a claim to real or personal property, title to or possession of which is held by another."

The amended petition stated that, after Lois and Van married in 1987, they had lived together on the property. The amended petition did not say how title to the property was held. In the original petition, appellant alleged that the property had been "purchased by Van, prior to marriage."

The amended petition continued: In August 2002 Lois and Van "executed a Note secured by a Deed of Trust on the . . . Property in the principal amount of $162,000 as part of [the] refinance of the Property." Three days later, "Lois and Van conveyed their interests in the Property to Van as Trustee of his Trust." Van told Lois that the conveyance "was done" for the purpose of refinancing the mortgage on the property and "that she was an heir to Van's original Trust."

In 2017 "Lois was placed in assisted living for . . . severe dementia." "A few days" later, Van signed "a Second Restatement [of his trust] dated November 4, 2017." "The Trust Amendment included a clause whereby he completely disinherited Lois." The Second Restatement provided that, after Van's death, "the residue of the Trust estate (including [the property])" shall be divided among his children. Under the heading "Disinheritance," the Second Restatement said: "Except as otherwise provided in this instrument, the Settlor [Van] has intentionally and with full knowledge omitted to provide for the Settlor's heirs, including his wife LOIS C. HAMILTON. Settlor has provided for his wife outside of this Trust." "Van never informed Lois of these amendments to his Trust . . . ."

"From October 2002 to July 2019, the monthly mortgage payments for the . . . Property were paid from community funds." "[I]n *violation of his fiduciary obligations to Lois*, Van disinherited her from his estate plan, such that Lois' community

property interests in the . . . Property were transferred to Van's children instead of Lois." (Italics added.)

Van died on September 6, 2018. Respondent, Van's son, became the successor trustee. On September 28, 2018, respondent mailed to Lois "a 'Notification by Trustee' pursuant to Probate Code [s]ection 16061.7." Several months earlier, Lois's physician had written that she "has dementia, and is incapable of managing her personal affairs, including making financial decisions. This incapacity is expected to be permanent."

In December 2018 appellant "filed a petition for her appointment as Conservator of the Person and Estate of Lois." In April 2019 she was appointed conservator. Appellant "was not aware of the Trust Amendment, nor of the fact that Lois had been disinherited from her community interests in Van's estate plan." Appellant "believed that Van was only leaving *his* interest in the [property] to [his children]." (Italics added.)

Lois died in August 2019. In March 2020 appellant was appointed administrator of Lois's estate. "In early 2020, . . . [appellant] reviewed Lois' documents inclusive of correspondence from [respondent's] attorney and the Trust Amendment that was previously sent to Lois. [Appellant] was shocked when she discovered that Van had completely disinherited Lois, however, she was not aware of the extent of this disinheritance."

Because of the Covid pandemic, the California Judicial Council adopted Emergency Rule 9(a), which tolled the statute of limitations "from April 6, 2020, until October 1, 2020" for limitation periods "that exceed 180 days." On December 22, 2020, appellant filed the original petition in this matter, "as Lois clearly had a community property interest in the . . . Property and the title to same is held by [respondent]."

4

The amended petition requested that the court find "Lois'[s] community property interest in the . . . Property is vested in [appellant] as Administrator of [Lois's] Estate" and that the court "exercise its equitable powers to hold that [respondent] is a constructive trustee and holds the proceeds of the Property in trust for the Estate of Lois . . . ." As authority for the requested relief, the amended petition cited Family Code section 1101 and Probate Code section 5020.

*Respondent's Motion to Dismiss the Amended Petition*

Respondent moved to "dismiss the Amended Petition with prejudice because: [(1)] it fails to state a cause of action; [(2)] [appellant's] claims are barred by the statute of limitations; and [(3)] [appellant's] claims are barred by the doctrine of laches." As to the first theory, respondent claimed that the amended petition "fails to adequately allege that Van breached a fiduciary duty owed to Lois."

As to the statute of limitations, respondent argued that the amended petition was barred by Code of Civil Procedure section 366.2, which "bars claims against a decedent's estate one year after the decedent's death . . . . Respondent also argued that the petition was barred under Probate Code sections 16061.7 and 16061.8.

As to the doctrine of laches, respondent asserted that Lois and appellant had unreasonably delayed the filing of the original petition and that the delay had prejudiced him because "the ability to get records . . . on the Property for the period in question is made nearly impossible due to the passage of time. Further, Respondent paid off the mortgage on the Property and paid the property taxes with his own funds." Moreover, respondent and his wife invested "nearly all of [their] collective

5

assets into the Property as an investment in their family's future. Awarding [appellant] with any interest in the Property at this late juncture would be financially devastating to Respondent and his family. Additionally, Respondent has expended his own funds to improve the property."

### *Probate Court's Ruling*

The probate court provided no explanation for its ruling. It merely stated: "On proof made to the satisfaction of the Court, the Court finds that the Amended Petition fails to state a claim, is time barred by the statute of limitations, and is time barred by the Doctrine of Laches." The court ordered that the amended petition be "dismissed with prejudice."

### *Laches Is the Fundamental Issue; A Demurrer to the Amended Petition Cannot Be Sustained Based on Laches*

The gravamen of the amended petition is an alleged breach of fiduciary duty owed by Van to Lois. The petition states a claim for breach of fiduciary duty under Family Code section 1101, subdivision (a), which provides, "A spouse has a claim against the other spouse for any breach of the fiduciary duty that results in impairment to the claimant spouse's present undivided one-half interest in the community estate . . . ."

The fundamental issue presented by the motion to dismiss is the applicability of the doctrine of laches. "Under [Family Code] section 1101, subdivision (d), breach of fiduciary duty claims filed after the death of a spouse are governed only by equitable principles of laches. . . . [T]he Legislature's specific treatment of the statute of limitations in section 1101, subdivision (d) governs instead of the general statute of limitations in Code of Civil Procedure sections 366.2 and 366.3." (*Yeh v. Tai* (2017) 18 Cal.App.5th 953, 957.) "[A] spouse who

6

chooses not to litigate during the marriage and decides to wait to bring a section 1101 action until after the marriage has ended through death or litigation is not penalized, though the action is subject to laches." (*Id*. at p. 962, fn. omitted.) Probate Code section 16061.8, which sets a time limit for bringing "an action to contest the trust," is inapplicable. (See *Yeh, supra,* at p. 967.)

"'"The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay." [Citation.]' [Citation.] Any delay is measured from the time the plaintiff knew (or should have known) about the alleged claim. [Citation.] The prejudice may be factual in nature or compromise the presentation of a defense. [Citation.] 'Prejudice is never presumed; rather it must be affirmatively demonstrated by the defendant . . . .'" (*Drake v. Pinkham* (2013) 217 Cal.App.4th 400, 406.) "Laches in almost all cases raises factual issues regarding the cause of an asserted delay and the prejudice . . . therefrom." (*City of Oakland v. Public Employees' Retirement System* (2002) 95 Cal.App.4th 29, 52.) Based on "'undisputed facts, the applicability of laches may be decided as a matter of law.'" (*Julian Volunteer Fire Co. Assn. v. Julian-Cuyamaca Fire Prot. Dist.* (2021) 62 Cal.App.5th 583, 602.)

Respondent insists that "there was no demurrer" to the amended petition. Nevertheless, because appellant claims that "Respondent's request to dismiss must be treated similarly to a general demurrer," we discuss whether a demurrer should have been sustained based on the doctrine of laches.

"Laches may be raised by demurrer, but only if the complaint shows on its face unreasonable delay *plus* prejudice or acquiescence." (*Conti v. Board of Civil Service Commissioners*

7

(1969) 1 Cal.3d 351, 362.) The face of appellant's original and amended petitions does not make the required showing. The amended petition alleged that, when the trustee's notification was mailed to Lois after Van's death in September 2018, "it [had been] well known, for over a year, that Lois had severe dementia." In January 2018 Lois's physician opined that, because of her dementia, she "is incapable of managing her personal affairs, including making financial decisions." Eleven months after the mailing of the trustee's notification, Lois died. In view of Lois's severe dementia, the petitions do not show on their face that the delay by her was unreasonable.

As to the delay by appellant, the amended petition alleged that it was not until "early 2020" that "she discovered that Van had completely disinherited Lois, however, she was not aware of the extent of this disinheritance. [Appellant] and her attorneys then began investigating the matter to determine what Lois would have been entitled to had she not been disinherited." "Shortly thereafter, the entire world was disrupted by the COVID-19 pandemic." Because of Covid, the statute of limitations was "tolled from April 6, 2020, until October 1, 2020." We recognize that "[l]aches is an equitable defense, not a statute of limitations or other deadline, but there may be equitable arguments that the effects of the pandemic should be taken into account when assessing whether a delay was unreasonable . . . ." (*Agami v. City of Boston Zoning Board of Appeal* (Mass. Super. Mar. 16, 2022) [nonpub. opn.] no. 20 84CV 01438, 2022 WL 817002, at *4.)

Appellant filed her original petition on December 22, 2020. Based on the face of the original and amended petitions, we cannot say that appellant's delay in filing the petition was

8

unreasonable as a matter of law. In any event, the petitions do not show that appellant's allegedly unreasonable delay prejudiced respondent. The amended petition contains no allegations concerning prejudice. The original petition alleged that respondent, as successor trustee of Van's trust, deeded the property to himself by a deed recorded on February 22, 2019. The original petition further alleged that in July 2019 respondent paid "the remaining balance of the mortgage" on the property. Both events – deeding the property to himself and paying off the mortgage – occurred before Lois died in August 2019 and before appellant allegedly learned of Van's disinheritance of Lois. Thus, based on the face of the petitions, any prejudice to respondent was not attributable to appellant's delay. When appellant learned of the disinheritance, respondent had already deeded the property to himself and had paid off the mortgage. Accordingly, a demurrer to the amended petition cannot be sustained based on laches.

*Respondent's Motion to Dismiss the Amended*
*Petition Is an Unauthorized Speaking Motion*

Respondent's motion to dismiss the amended petition did not cite any statutory or other authority for the motion. The motion is an unauthorized "speaking motion." "A speaking motion to dismiss or strike is one which is supported by facts outside the pleadings [citation]. Such facts ordinarily are set forth in an affidavit or declaration." (*Vesely v. Sager* (1971) 5 Cal.3d 153, 167, fn. 4, abrogated by statute on other grounds as stated in *Cory v. Shierloh* (1981) 29 Cal.3d 430, 435.) "The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints." (Code Civ. Proc., § 422.10.)

"[N]onstatutory speaking motions have now been superseded by the procedure governing motions for summary judgment contained in section 437c of the Code of Civil Procedure. . . . [¶] . . . The remedy afforded by this section is broad enough to cover all situations in which speaking motions have been employed, and there is therefore no longer any need for the nonstatutory procedure. In the interests of orderly and efficient administration of justice the litigant should be required to employ the statutory remedy, and a speaking motion to dismiss should be treated as a motion for summary judgment in order to preserve the safeguards provided by the statute." (*Pianka v. State* (1956) 46 Cal.2d 208, 211-212 (*Pianka*).)

The rules as to speaking motions in civil actions also apply to proceedings under the Probate Code. "Except to the extent that [the Probate] [C]ode provides applicable rules, the rules of practice applicable to civil actions . . . apply to, and constitute the rules of practice in, proceedings under [the Probate] [C]ode." (Prob. Code, § 1000, subd. (a).) The Probate Code provides no special rules as to speaking motions to dismiss a petition. (See *Merrill v. Finberg* (1992) 4 Cal.App.4th 1443, 1447 [Probate Code "section 1000 is a rule of default and adopts the civil practice rules only where special rules are *not* prescribed"].)

In their briefs the parties have not expressly raised the "speaking motion" issue. Government Code section 68081 provides, "Before . . . a court of appeal . . . renders a decision in a proceeding . . . based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing." We have not asked the parties to submit supplemental briefing on the "speaking motion" issue

10

because it is fairly included within the issues expressly raised by the parties. "The parties need only have been given an opportunity to brief the issue decided by the [appellate] court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or *fairly included within the issues raised* does not implicate the protections of [Government Code] section 68081." (*People v. Alice* (2007) 41 Cal.4th 668, 679, italics added.)

The following history of the parties' litigation shows that respondent's motion to dismiss the amended petition is a speaking motion because it is based on evidence extrinsic to the pleadings:

Respondent's verified motion to dismiss appellant's original petition alleged facts not specifically pleaded in the petition. Exhibits A through C were attached to the motion. Respondent did not request that the court take judicial notice of the exhibits.

Appellant filed opposition to the motion. She claimed that respondent's laches argument, "[a]t best, . . . is a defense that can be raised at a trial or evidentiary hearing on this matter."

On March 25, 2021, respondent filed a verified response to appellant's opposition. The response alleged additional facts not specifically pleaded in the original petition. Exhibits A through L were attached to the response. The exhibits included, inter alia, respondent's declaration under penalty of perjury, email communications between the parties, bank statements, and a five-page March 2019 report prepared by Lois's court-appointed counsel, Margaret V. Barnes. The report, hereafter "the Barnes Report," was written after Barnes's "lengthy meeting with Lois in

11

her room" at an assisted living facility.  Respondent did not request that the court take judicial notice of the exhibits.[1]

On April 29, 2021, respondent filed a further verified response.  He argued: "*Beyond the four corners of the Petition itself*, Respondent has properly raised laches and *presented substantial evidence* to show Lois['s] and [appellant's] unreasonable delay, their acquiescence to Respondent's payoff of the mortgage [on the property] and the dramatic prejudice that would result to him and his family should the Petition be granted."  (Italics added.)  Pursuant to Evidence Code section 452, subdivision (d)(1), respondent requested that the trial court take judicial notice of the Barnes Report because it was a court record.

The record on appeal does not contain a ruling on the request.  Although the trial court could have taken judicial notice of the existence of the report, it could not have taken judicial notice of the truth of the report's contents.  (See *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 886 ["a number of . . . California decisions . . . have categorically refused to take judicial notice of the truth [of facts] asserted in court records"].)

In his appellate brief respondent in effect acknowledges that the motion to dismiss was a speaking motion because it was

---

[1] Respondent claims that, at a hearing conducted on April 1, 2021, "the court stated that it was taking judicial notice of matters in its file."  The court did not so state.  The court said it wanted appellant to provide "a detailed argument as to why an evidentiary hearing would be necessary here in light of the statute of limitations issues and the matters that are subject to judicial notice in the court's file."  The court did not specify what matters in its file were "subject to judicial notice."

based on extrinsic evidence: "[T]he trial court dismissed the case as untimely after reviewing written extrinsic evidence presented over the course of a series of hearings." Respondent explains: "[T]he trial court dismissed appellant's verified [amended] petition after considering . . . respondent's verified objections, which contained their own narrative, and extrinsic documentary evidence referenced in those objections . . . . So there was what amounted to a trial based on documentary evidence, but without live testimony." (Italics omitted.)

The trial court proceedings were not the equivalent of a trial. The court said, "I disagree with the necessity for a trial . . . ." Respondent acknowledges that appellant "asked, unsuccessfully, for a live evidentiary hearing."

Much of the extrinsic evidence presented by respondent was inadmissible because it was in the form of a declaration or verified response. "[Probate Code] [s]ection 1022 specifies that '[a]n affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding under this code.' When a petition is contested, as it was here, 'affidavits and verified petitions [or verified responses] may not be considered as evidence at a contested probate hearing.'" (*Estate of Lensch* (2009) 177 Cal.App.4th 667, 676; see *Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, 426 ["The [probate] court could not rely on Maria's objections, even though verified, as a basis for its ruling [dismissing the petition] because the facts were contested"].)

Since the motion to dismiss was based on extrinsic evidence, the trial court should have "treated [it] as a motion for summary judgment in order to preserve the safeguards provided by the [summary judgment] statute." (*Pianka, supra*, 46 Cal.2d at pp. 211-212; see also *Saltarelli & Steponovich v. Douglas*

13

(1995) 40 Cal.App.4th 1, 5, ["The procedure of moving to dismiss an action based on extrinsic evidence is disapproved in California and the motion is permitted only where it complies with the requirements for a motion for summary judgment"].)

Probate Code section 1022 did not preclude the trial court from treating the motion to dismiss as a motion for summary judgment. In *Key v. Tyler* (2019) 34 Cal.App.5th 505, 521, the court noted that, "[d]espite Probate Code section 1022, summary judgment proceedings in probate court are commonplace." The court explained that, although "the statute governing summary judgment motions specifically provides for the use of affidavits," "the summary judgment statute does not permit the determination of contested facts based upon the affidavits, but [instead] allows a motion to be granted only if there is 'no triable issue as to any material fact.' (Code Civ. Proc., § 437c, subd. (c).)" (*Ibid*.) Here, the trial court determined contested facts adversely to appellant.

Respondent claims, "*At no point did [appellant] object to the trial court considering the extrinsic evidence*." "Therefore, this appeal has to be decided on the basis that there was nothing improper with the procedural and evidentiary manner in which the trial court came to its decision . . . after weighing the evidence before it."

We disagree. In her opposition to respondent's March 25, 2021 verified response, appellant protested that respondent had referred to "new evidence . . . includ[ing] a newly drafted declaration and numerous exhibits and factual allegations" that "relate to numerous factual disputes, which are better left for an evidentiary hearing . . . ." Appellant asserted: "There is no statutory authority for using a motion to dismiss as a method to

14

challenge pleadings." Appellant claimed that, "at best, [respondent's] request to dismiss must be treated similarly to a general demurrer." Therefore, respondent's "request to dismiss must meet the standard for dismissal under a demurrer, which requires the Court to accept all allegations by [appellant] as true . . . ."

The above statements by appellant constituted an objection to the extrinsic evidence. Appellant argued that the motion to dismiss must be treated as a demurrer. "A demurrer can be used only to challenge defects that appear on the face of the pleading under attack or from matters outside the pleading that are judicially noticeable. No other extrinsic evidence can be considered." (*Kerivan v. Title Ins. & Trust Co.* (1983) 147 Cal.App.3d 225, 229.)

Furthermore, by insisting that the trial court conduct an evidentiary hearing, appellant objected to the court's reliance on the extrinsic evidence presented by respondent. At a hearing conducted on April 1, 2021, appellant's counsel maintained that the issue of laches "has to go to an evidentiary hearing." Counsel requested that the trial court "set this out for an evidentiary hearing in several months." At a subsequent hearing on May 13, 2021, appellant's counsel said: "[W]hat is clear here is that there are definitely factual disputes as to the timing of events and to what happened in this case. . . . [I]t would be inappropriate to dismiss this matter on the pleadings; there needs to be due process and a trial on this."

*Estate of Bennett* (2008) 163 Cal.App.4th 1303, shows that appellant's insistence on an evidentiary hearing constituted an objection to respondent's extrinsic evidence. In *Bennett* the Court of Appeal noted that Probate Code section 1022's "restriction on

15

the use of declarations in contested probate hearings is inapplicable when 'the parties d[o] not object to the use of affidavits in evidence and both parties adopt[ ] that means of supporting their positions.' [Citations.]" (*Id*. at p. 1309.) "But here," the court continued, "Smith, [like appellant in the instant case,] . . . asserted in written opposition and at the hearing that the factual conflicts presented by the parties' competing declarations mandated an evidentiary hearing. Consequently, the issue was preserved for review in this case." (*Ibid*.)

Finally, at the hearing conducted on May 13, 2021, appellant clearly objected to the trial court's consideration of respondent's extrinsic evidence when her counsel asserted, "[T]his Court is required to stick to the facts stated in the petition, not what [respondent's counsel] stated, on a motion to dismiss."

*Law of Summary Judgment*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).) A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

A defendant moving for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto. [Citation.]" (*Aguilar, supra,* 25 Cal.4th at p. 850; see also Code Civ. Proc., § 437c, subd. (p)(2).)

16

The defendant also "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact . . . ." (*Aguilar, supra,* at p. 850.)

"The motion shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken. The supporting papers shall include a separate statement setting forth plainly and concisely all material facts that the moving party contends are undisputed . . . followed by a reference to the supporting evidence." (Code Civ. Proc., § 437c, subd. (b)(1).); see Cal. Rules of Court, rule 3.1350.)

On appeal we conduct a de novo review, applying the same standard as the trial court. (*AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064.) Our obligation is ""to determine whether issues of fact exist, not to decide the merits of the issues themselves. . . ."" (*Wright v. Stang Manufacturing Co.* (1997) 54 Cal.App.4th 1218, 1228.) We must "'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party." (*Aguilar, supra,* 25 Cal.4th at p. 843.)

*The Trial Court Erroneously Granted*
*Respondent's Speaking Motion to Dismiss*

The trial court did not treat respondent's speaking motion to dismiss as a motion for summary judgment. Respondent was not required to file a separate statement of undisputed material facts with references to supporting evidence. (Cal. Rules of Court, rule 3.1350(d).) Accordingly, appellant did not file a responsive separate statement. (*Id.*, rule 3.1350(f).) "The

17

requirement of a separate statement from the moving party and a responding statement from the party opposing summary judgment serves two functions: to give the parties notice of the material facts at issue in the motion and to permit the trial court to focus on whether those facts are truly undisputed." (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1210.)

The trial court did not follow other required summary judgment procedures. For example, it did not place on respondent "an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (*Aguilar, supra,* 25 Cal.4th at p. 850.) Nor did it consider the evidence in the light most favorable to appellant.

Moreover, the trial court did not determine whether there were triable issues of material fact. Although the evidence was conflicting, the trial court decided the laches issue on its merits adversely to appellant. Respondent contends that, since the trial court "resolv[ed] disputed issues of fact," it "would have been required to issue a statement of decision had [appellant] requested one." (Bold omitted; see Code Civ. Proc., § 632.) "The summary judgment procedure is designed to test whether any material triable issues of fact exist, but not to resolve disputed factual issues." (*McAlexander v. Siskiyou Joint Community College* (1990) 222 Cal.App.3d 768, 774.)

Because the trial court did not follow the protective procedures applicable to summary judgment motions and because it is reasonably probable that, if it had followed them, triable issues of material fact would have been disclosed, we must reverse the judgment of dismissal.

18

*Disposition*

The judgment is reversed.  Appellant shall recover her costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

PERREN, J.*

BALTODANO, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____


Bright & Powell and Kevin Mauseth, for Petitioner and Appellant.

Law Offices of John Derrick and John Derrick, for Objector and Respondent.