Filed 12/21/17

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| FRANCINE S. YEH, | B280003 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BP165279) |
| v. | |
| LI-CHENG TAI et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of Los Angeles County, Mary Thornton House, Judge.  Reversed.

Becker Law Group, Todd B. Becker and Brian E. Shear for Plaintiff and Appellant.

Heisner Álvarez, Olga Álvarez and Rafael F. Bonilla for Defendants and Respondents.

_____

# I. INTRODUCTION

Plaintiff Francine S. Yeh claims to have purchased a condominium with her deceased husband, Shu Hsun Tai ("Shu"), and transferred it to him so that they could obtain a more favorable loan. She claims that he promised to place her back on the title to the property, and that she could sell it or keep it after his death. Instead, he transferred the title to a trust, of which his children from a prior marriage, defendants Li-Cheng Tai and Li-Jung Tai, are beneficiaries.

Plaintiff filed a breach of fiduciary duty action against defendants under Family Code section 1101,[1] essentially seeking return of the condominium. The trial court sustained without leave to amend defendants' demurrer due to the expiration of the statute of limitations. The court relied on Code of Civil Procedure sections 366.2 and 366.3, which provide that actionable claims based on the liability of a decedent, or based on his testimonial promises, must be filed within one year of his death. Plaintiff filed this claim about 18 months after her husband's death.

Section 1101, however, contains its own statute of limitations and specifically addresses marriages ending by death. Under section 1101, subdivision (d), breach of fiduciary duty claims filed after the death of a spouse are governed only by equitable principles of laches. We hold that the Legislature's specific treatment of the statute of limitations in section 1101, subdivision (d) governs instead of the general statute of limitations in Code of Civil Procedure sections 366.2 and 366.3.

---

[1] Further statutory references are to the Family Code unless otherwise indicated.

2

Defendants do not argue that plaintiff's claim is untimely under laches principles. We therefore reverse the judgment so that plaintiff may pursue her cause of action arising under section 1101.

## II. BACKGROUND

Because this case comes to us on review of a demurrer, we rely on the facts as alleged by plaintiff. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

Plaintiff married Shu on September 27, 1996 in Provo, Utah, and they remained married until Shu's death on January 18, 2014. In 1998, plaintiff and Shu moved to California. On July 29, 1999, plaintiff and Shu purchased the property at issue in this lawsuit, at 5320 Peck Road in El Monte, California. The initial purchase agreement lists them as buying the property as joint tenants.

Because of plaintiff's poor credit rating, the mortgage company advised that the couple could obtain a better interest rate by holding the property in Shu's name only. Shu requested plaintiff sign a quitclaim deed to obtain the more favorable loan, and plaintiff did so. Shu promised plaintiff she would maintain her interest in the property and be placed back on the title.

On September 10, 1999, plaintiff and Shu took out a loan to finance the property purchase. The down payment came from plaintiff and Shu's joint bank account. The loan was paid off by January 3, 2000, using funds from the couple's joint account. All expenses for the property were paid with their joint funds.

Three days before Shu's death, plaintiff asked Shu if her name was on the title. Shu told her the property was "all hers,

3

that she could sell or keep the [p]roperty after his death." However, plaintiff discovered on February 10, 2014, that this was untrue. On that date, she was notified of the existence of the Tai Family Trust. In 2006, Shu, without plaintiff's knowledge, had established that trust, with defendants as beneficiaries. Shu had executed a trust transfer deed that transferred title of the property to that trust.

About 18 months after Shu's death, on July 29, 2015, plaintiff filed her petition to set aside a non-probate transfer of community property, for constructive trust, for instructions to trustees, for attorney fees, and for damages under the Family Code. The petition relied primarily on section 1101 in alleging a breach of fiduciary duty and damages authorized by that section. Following the court's grant of a motion for judgment on the pleadings and a change of plaintiff's counsel, plaintiff on August 5, 2016, filed her first amended petition, the operative pleading. The amended petition again relied on section 1101 in alleging a breach of fiduciary duty and damages authorized by that section. Plaintiff alleged the fraud was in violation of Civil Code section 3294 (the civil punitive damages standard), which under section 1101, subdivision (h) allows for damages in the amount of 100 percent of an asset transferred in breach of the fiduciary duty.

Plaintiff claims Shu breached his fiduciary duty to her by fraudulently representing he intended to convey the property to be the couple's community property, and intending plaintiff to rely on his misrepresentations, which plaintiff did in transferring title to him. As a result of Shu's breach of fiduciary duty, plaintiff sought to void the deed transferring title to the trust, order defendants to convey the property to plaintiff, and award

4

reasonable attorney fees pursuant to section 1101, subdivision (g).

Defendants demurred to the petition, arguing that the petition was filed after the statute of limitations ran. In defendants' view, the applicable statute of limitations were Code of Civil Procedure sections 366.2 and 366.3, as well as Probate Code section 16061.8. Plaintiff asserted that those statutes of limitations were inapplicable, and under section 1101 there was no applicable statute of limitations other than laches.

The probate court sustained the demurrer to the first amended petition without leave to amend, finding it barred in its entirety by Code of Civil Procedure sections 366.2 and 366.3. Judgment for defendants was entered thereafter.

## III.  DISCUSSION

On demurrer, we review a complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory and thus to determine whether or not the trial court erroneously sustained the demurrer as a matter of law. (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 791.) The sole issue in this appeal is whether the causes of action in plaintiff's petition are barred by the applicable statute of limitations. This issue turns on whether plaintiff's claim based on section 1101 is governed by the terms of that section or by the general statutes of limitations governing claims against deceased persons.

A. *Family Code section 1101*

Section 1101, subdivision (a) creates a cause of action for breach of fiduciary duty by one spouse against the other for impairment of the claimant spouse's undivided half interest in the community estate.[2]  A section 1101 cause of action may be filed as an independent claim during a marriage; in connection with an action for dissolution of marriage, legal separation, or nullification; or as an independent claim upon the death of a spouse.  (§ 1101, subd. (f).)

Certain remedies are authorized under the section, including the equitable remedies of an accounting (§ 1101, subd. (b)) and reformation of title to property to add a spouse's name. (§ 1101, subd. (c).)  Damages "shall include, but not be limited to, an award to the other spouse of 50 percent, or an amount equal to 50 percent, of any asset undisclosed or transferred in breach of the fiduciary duty plus attorney's fees and court costs."  (§ 1101, subd. (g).)  If the plaintiff proves a case for punitive damages under the standard provided in Civil Code section 3294, damages "shall include, but not be limited to, an award to the other spouse of 100 percent, or an amount equal to 100 percent, of any asset undisclosed or transferred in breach of the fiduciary duty."  (§ 1101, subd. (h).)

---

[2]      Under section 721, subdivision (b), spouses have a fiduciary relationship that "imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other."

Unlike most California statutes, section 1101 provides its own statute of limitations. And it is an unusual one.[3] In subdivision (d)(1), the section provides for a three-year limitation period dating from when the claimant spouse learns of the transaction he or she is seeking to remedy. (§ 1101, subd. (d)(1).) However, subdivision (d)(2) provides that the three-year limitation period does not apply in two circumstances: if the claim is brought upon the death of a spouse, or if the claim is brought in conjunction with an action for legal separation, dissolution, or nullification of the marriage. In those circumstances, a claim "may be commenced . . . without regard to the time limitations set forth in paragraph (1)." (§ 1101, subd. (d)(2).) In those circumstances, however, the defense of laches may be raised. (§ 1101, subd. (d)(3).)

Consequently, whether or not the three-year statute of limitation runs during the marriage, section 1101, subdivision (d)(2) provides a claimant spouse with a fresh opportunity at obtaining a remedy for breach of fiduciary duty upon either a separate legal action to terminate the marriage or upon the spouse's death. Further, as *Patrick v. Alacer Corp.* (2011) 201 Cal.App.4th 1326, 1337 (*Patrick*), held, "no limitations period

---

[3] Section 1101, subdivision (d) provides: "(1) Except as provided in paragraph (2), any action under subdivision (a) shall be commenced within three years of the date a petitioning spouse had actual knowledge that the transaction or event for which the remedy is being sought occurred. [¶] (2) An action may be commenced under this section upon the death of a spouse or in conjunction with an action for legal separation, dissolution of marriage, or nullity without regard to the time limitations set forth in paragraph (1). [¶] (3) The defense of laches may be raised in any action brought under this section."

7

applies . . . except for laches, when the marriage ends through litigation or death." *Patrick*, which involved declaratory relief only, reasoned that the text of the statute demonstrated the Legislature's intent to apply no limitation period: "As the court aptly noted below, 'Having evidenced a concern with statute of limitation issues, and having just provided a [three]-year limitations period in section 1101[, subdivision] (d)(1), had the [L]egislature intended a particular statute of limitations to apply upon death, it would have so stated.' But instead, the plain language of subdivision (d)(2) provides that '[a]n action may be commenced under this section upon the death of a spouse . . . without regard to the time limitations set forth in paragraph (1).' In other words, the Legislature set forth a limitations period and immediately clarified that period's own limit. (Fn. omitted.)" (*Ibid.*)[4] *Patrick* explained that the absence of a limitations period for section 1101 actions was "entirely understandable" because spouses hold interests in community property as tenants in common, and no statute of limitations applies to actions between tenants in common for partition. (*Id.* at p. 1338.)

The author of section 1101, former Senator Bill Lockyer, appears to have intended that result in order to not pressure

---

[4] Accordingly, Ross and Cohen, California Practice Guide: Probate (The Rutter Group 2017) paragraph 4:19.6 provides in pertinent part: "[T]here is *no* statute of limitations bar if the action [under § 1101, subd. (a)] is brought in conjunction with a legal separation, dissolution or nullity proceeding; *or if the action is pursued following a spouse's death.* [Citations.] [¶] By the same token, *any action* brought under [§ 1101]—even upon a spouse's death—is subject to a *laches* defense (unreasonable delay in seeking relief to prejudice of other party)."

spouses to litigate during a marriage. As Lockyer explained when section 1101 was enacted as former Civil Code section 5125.1 in 1986[5], "While [the bill] provides interspousal remedies during the marriage for those who do not wish to await litigation attending the breakdown or termination of the marriage, it intends to apply absolutely no pressure on spouses to undertake such litigation during the ongoing marriage. Accordingly, [former Civil Code s]ection 5125.1[, subdivision] (d) makes clear that a choice not to proceed within three years after learning of a management wrong has no negative impact on the spouse's claim if later pursued at the time of an action for nullity, legal separation, dissolution of marriage or upon the death of a spouse, as is permitted by current law." (Bruch, *Protecting The Rights Of Spouses In Intact Marriages: The 1987 California Community Property Reform And Why It Was So Hard To Get* (1990) 1990 Wis. L.Rev. 731, 767 (Bruch).)

In enacting the section, the Legislature acted to "preserve the unhampered right under California law of a spouse to seek relief upon termination of the community," and "[t]o guarantee this result" restricted the application of the three-year statute of limitations period it otherwise borrowed from the Uniform Marital Property Act. (Bruch, *supra*, 1990 Wis. L.Rev. at p. 755 & fn. 81.) Along with eliminating the statute of limitations, at the request of the Family Law Section of the State Bar, the

---

[5] Section 1101 was added to the Family Code in 1992 as a re-codification of former Civil Code section 5125.1, replacing the latter with only "technical, nonsubstantive changes." (Stats. 1992, ch. 162, § 10; Cal. Law Revision Com. com., 29C West's Ann. Fam. Code (2004 ed.) foll. § 1101, p. 553.) Former Civil Code section 5125.1 was enacted in 1986. (Stats. 1986, ch. 1091, § 2.)

9

Legislature added its reference to the doctrine of laches to make clear that the statute "did not overrule that equitable doctrine." (Bruch, *supra*, 1990 Wis. L.Rev. at p. 755, fn. 82.)  The result of the elimination of the three-year statute of limitations is that a spouse who chooses not to litigate during the marriage and decides to wait to bring a section 1101 action until after the marriage has ended through death or litigation is not penalized, though the action is subject to laches.[6]

In this case, plaintiff commenced this breach of fiduciary duty action under section 1101, subdivision (a), following the death of her former spouse Shu, thus rendering the three-year statute of limitations in subdivision (d)(1) inapplicable.  Under subdivisions (d)(2) and (d)(3), the only time limitation on bringing this action is the equitable defense of laches.  Defendants have raised no argument that plaintiff's claim is barred by the equitable laches doctrine.  We therefore hold that, based on the pleadings, plaintiff's claim pursuant to section 1101 is not barred by the statute of limitations.

B.  *Code of Civil Procedure section 366.2*

Defendants argue that, as the trial court found, the governing statute of limitations is provided by Code of Civil

---

[6]     Because laches is not at issue in this appeal, we need not decide whether the period of time that has passed during the marriage without the plaintiff spouse acting may be considered by a court in applying the equitable laches doctrine.  The author of the bill stated that "no presumption of laches or other independent effect on the application of the doctrine is intended to arise from a choice not to pursue remedies during the ongoing marriage. . . ."  (Bruch, *supra*, 1990 Wis. L.Rev. at p. 767.)

Procedure sections 366.2 and 366.3, which generally apply to causes of actions based on the acts of decedents.  Code of Civil Procedure section 366.2, subdivision (a) provides, "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

"[O]n its face, section 366.2 applies to claims that could have been brought against the decedent had he or she lived." (*Shewry v. Begil* (2005) 128 Cal.App.4th 639, 644.)  If Code of Civil Procedure section 366.2 applies, there is no tolling applicable, unless otherwise provided in the statute.  (Code Civ. Proc., § 366.2, subd. (b).)

In most cases involving a decedent's liability, Code of Civil Procedure section 366.2, subdivision (a) applies rather than the limitations period that would otherwise be applicable to a cause of action, as there is no conflict between the two.  In creating most statutes of limitations, the Legislature has not treated actions against decedents differently than other actions.  When section 1101, subdivision (d), is applicable, however, there is a conflict, as the Legislature in that subdivision not only provided an ordinary statute of limitations (three years) but specifically addressed the applicable limitations period following a spouse's death (none, subject to laches only).  Thus, there is a conflict between section 1101, subdivision (d) and Code of Civil Procedure section 366.2, subdivision (a) in this case.

11

When two statutes of limitations are applicable, the specific takes precedence over the general. "In the construction of a statute the intention of the Legislature . . . is to be pursued, if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former." (Code Civ. Proc., § 1859; see *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 310 [finding statute of limitations under Probate Code section 13554 more specific than section 914 and thus controlling; "Those provisions [in Probate Code section 13554] specifically address the liability of a married person for the debts incurred by the other spouse *upon the death of that spouse*, whereas Family Code section 914 merely addresses the general liability of a spouse for the debts of the other spouse incurred during marriage."].)

Here, Code of Civil Procedure section 366.2 is the general statute, concerning personal liability of a deceased person. Section 1101, subdivision (a) is the specific statute governing a particular scheme of remedies for breach of fiduciary duty by a spouse that impaired the claiming spouse's one-half share of community property. Section 1101, subdivision (d)(2) contemplates claims under section 1101 brought against a spouse when the marriage ended by death, and it imposes no limitations period, other than the defense of laches. As the more specific statute, section 1101, subdivision (d) provides the controlling statute of limitations.

As well, in the event two statutes conflict and cannot be reconciled, later enactments supersede earlier ones. (*Cross v. Superior Court* (2017) 11 Cal.App.5th 305, 322-323; *Collection Bureau of San Jose v. Rumsey, supra*, 24 Cal.4th at p. 311.) The one-year statute of limitations for actions against decedents, now

12

codified in Code of Civil Procedure section 366.2, dates from the beginning of our state. It was enacted as former Code of Civil Procedure section 353 in 1872 (Historical and Statutory Notes, 13C West's Ann. Code Civ. Proc. (2006 ed.), foll. § 353, p. 357),[7] which codified language from 1850. (See *Estate of Bullard* (1897) 116 Cal. 355, 356 ["Section 353 of the Code of Civil Procedure provides: 'If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuance of letters testamentary or of administration.' This provision is identical with that contained in section 24 of the limitation act of 1850 (Stats. 1850, p. 346). . . ."].)

In contrast, as stated earlier, section 1101 was originally enacted much more recently, in 1986, as former section 5125.1 of the Civil Code. At that time, former Code of Civil Procedure section 353 provided the one-year statute of limitations for actions against the representatives of a decedent.[8] As a

---

[7] Former Code of Civil Procedure section 353, subdivision (b) was renumbered as Code of Civil Procedure section 366.2 in 1992. (Stats. 1992, ch. 178, § 8). The Law Revision Commission comments state: "Section 366.2 restates former [s]ection 353[, subdivision] (b) without substantive change." (Cal. Law Revision Com. com., 13C West's Ann. Code Civ. Proc. (2016 ed.) foll. § 366.2, p. 452.)

[8] In 1986, former section 353 of the Code of Civil Procedure provided in pertinent part: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an

conflicting, later-enacted statute passed while the Legislature was aware of the existence of the earlier one, the terms of current section 1101, subdivision (d) govern.

Finally, the most natural reading of section 1101, subdivision (d) is that it displaces all statutes of limitations that might otherwise apply to section 1101, subdivision (a) claims. Subdivision (d)(2) states that an action under the section may be commenced upon a spouse's death or in conjunction with a dissolution, separation, or nullification action "without regard to the time limitations" in subdivision (d)(1), i.e., the requirement that section 1101 claims be filed within three years of discovery of the alleged breach. If generally applicable statutes of limitations applied to section 1101, subdivision (a) claims, the four-year statute of limitations for breach of fiduciary duty would apply. (See *Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 606 [Code of Civil Procedure section 343 four-year limitations period applies to breach of fiduciary duty claims].) Consequently, a claim would be precluded where a spouse refrained from bringing it for longer than four years during the marriage, undoing subdivision (d)(2)'s apparent purpose of allowing section 1101, subdivision (a) claims to proceed in an action to terminate the marriage or after the other spouse's death. Likewise, Code of

---

action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration, or an action against the estate provided for by subdivision (b) of [s]ection 385 of the Code of Civil Procedure, subdivision (b) of [s]ection 707 of the Probate Code or [s]ection 721 of the Probate Code may be commenced within one year after the expiration of the time otherwise limited for the commencement thereof." (Stats. 1971, ch. 1638, § 1.)

14

Civil Procedure section 366.2 is another generally applicable statute of limitations. Its application here, when the discovery of the alleged breach was at or after the time of death, would mean that the Legislature chose to eliminate the three-year statute of limitations via subdivision (d)(2), even though doing so was immaterial because a *shorter* one-year limitations period applied in its place. (See *City and County of San Francisco v. Farrell* (1982) 32 Cal.3d 47, 54 ["In construing the words of a statute . . . to discern its purpose, the provisions should be read together; an interpretation which would render terms surplusage should be avoided, and every word should be given some significance, leaving no part useless or devoid of meaning."].) The more natural reading of section 1101, subdivision (d), is that it provides a complete statement of the limitations periods applicable to section 1101, subdivision (a) claims, by imposing a three-year statute of limitations and then eliminating it in some circumstances.

Accordingly, for plaintiff's causes of action arising under section 1101, subdivision (a), the applicable statute of limitations is section 1101, subdivision (d), which provides for no limitations period for actions commenced under the section when the marriage ends by death or litigation. The trial court erred by applying Code of Civil Procedure section 366.2 as the limitations period.

C. *Code of Civil Procedure section 366.3, subdivision (a)*

The trial court also relied on the one-year statute of limitations in Code of Civil Procedure section 366.3, subdivision (a), which governs claims arising from promises or agreements

15

with a decedent: "If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." Like Code of Civil Procedure section 366.2, Code of Civil Procedure section 366.3 does not permit tolling except as provided in the statute. (Code Civ. Proc., § 366.3, subd. (b).)

Defendants contend plaintiff alleged an oral testamentary promise, citing plaintiff's assertions in her opening brief that "[decedent] promised, as part of the transaction, that he would thereafter transfer the property to both their names." On demurrer, we do not review the factual assertions in the appellate briefs, but only those in the pleadings. (See *McClain v. Octagon Plaza, LLC, supra*, 159 Cal.App.4th at p. 791.)

In her amended petition, plaintiff alleged that Shu promised to put plaintiff on the title, which is not a testamentary distribution promise. Plaintiff alleged: "Decedent promised [plaintiff] that her interest in the Property would still belong to her and that they would place her on title after the purchase." Furthermore, plaintiff alleged that "[a]t all times, it was understood and agreed between Decedent and [plaintiff] that al[l] property they acquired during marriage would be and would remain, community property." The promise to put plaintiff on the title did not concern a distribution from an estate or trust, but an act while Shu was alive to ensure plaintiff was on the title to the property such that the property was community property.

16

Defendants additionally argue that a deed, the means by which plaintiff allegedly was to be placed on the title, is "another instrument" under the terms of Code of Civil Procedure section 366.3, subdivision (a), so that statute applies. Although a deed is "another instrument" in general, Code of Civil Procedure section 366.3 contemplates a promise of "distribution from an estate or trust or under another instrument . . . ." The "instrument" referred to must be one that works a "distribution." "'Distribution,' when used as a term of art in probate law, means 'the process of dividing an estate *after* realizing its movable assets and paying out of them its debts and other claims against the estate.' [Citation.] In other words, it refers to the disbursement of assets to heirs or beneficiaries." (*Estate of Ziegler* (2010) 187 Cal.App.4th 1357, 1365; see also *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 555 ["[T]he intent of the phrase ['a promise or agreement with a decedent to distribution from an estate or trust'] seems fairly clear: to reach any action predicated upon the decedent's agreement to distribute estate or trust property in a specified manner. . . . [W]e must conclude that the statute applies to *all* actions predicated on a decedent's promise to make specified distributions upon his death."].) Here, a promise of putting plaintiff on the title, even by deed, is not for the purpose of disbursement of assets after death under Code of Civil Procedure section 366.3.

Accordingly, Code of Civil Procedure section 366.3 does not apply to a cause of action based on Shu's alleged promise that plaintiff would be put on the title to the property. The alleged promise is simply evidence that plaintiff might use to prove her breach of fiduciary duty claim under section 1101.

17

D. *Probate Code section 16061.8*

Defendants contend the first amended petition is an action to contest the Tai Family Trust and thus time-barred under Probate Code section 16061.8, which provides: "No person upon whom the notification by the trustee is served pursuant to this chapter, whether the notice is served on him or her within or after the time period set forth in subdivision (f) of [s]ection 16061.7, may bring an action to contest the trust more than 120 days from the date the notification by the trustee is served upon him or her, or 60 days from the day on which a copy of the terms of the trust is mailed or personally delivered to him or her during that 120-day period, whichever is later." As noted, plaintiff was served with notice of the Tai Family Trust on February 10, 2014 and brought this action on July 29, 2015.

Defendants contend this is an action to contest the trust because Probate Code section 21310, subdivision (b)(5), provides in pertinent part: "'Direct contest' means a contest that alleges the invalidity of a protected instrument or one or more of its terms, based on one or more of the following grounds: [¶] . . . [¶] Revocation of a . . . trust pursuant to [s]ection 15401 . . . ." As plaintiff is attempting to remove from the Tai Family Trust the only asset in it, defendants argue that plaintiff is seeking a revocation of the trust terms and thus contesting the trust. Defendants are incorrect. The definition in Probate Code section 21310 arises in the context of *beneficiaries* contesting trusts with no-contest clauses. (Prob. Code, § 21310, subd. (a) ["'Contest' means a pleading filed with the court by a *beneficiary* that would result in a penalty under a no contest clause, if the no contest clause is enforced."] (emphasis added).) Plaintiff is not a

18

beneficiary under the Tai Family Trust, having been excluded by her former husband.

In addition, "'[w]hether there has been a "contest" within the meaning of a particular no-contest clause depends upon the circumstances of the particular case and the language used.' [Citations.]" (*Burch v. George* (1994) 7 Cal.4th 246, 254-255.) In accord with the Probate Code definition, the Tai Family Trust defines a contest in its no-contest clause provision as by a beneficiary. Thus, plaintiff's first amended petition is not a contest of the Tai Family Trust as defined by the trust's language, and Probate Code section 16061.8 does not apply.

## IV. DISPOSITION

The judgment is reversed. Plaintiff Francine S. Yeh may proceed with her cause of action under section 1101. Plaintiff is awarded costs on appeal.

**CERTIFIED FOR PUBLICATION**


RAPHAEL, J.*


We concur:


KRIEGLER, Acting P.J.          BAKER, J.

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


19