Filed 7/22/21  Marriage of Sommers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of GLORIA JOAN and GERALD LOWELL SOMMERS. | C085335/C086314 |
| GLORIA JOAN SOMMERS, | (Super. Ct. No. 11FL01133) |
| Appellant, | |
| v. | |
| GERALD LOWELL SOMMERS, | |
| Respondent. | |

Gloria Joan Sommers filed a motion to set aside portions of the judgment on property division issues in the marital dissolution action against her former husband Gerald Lowell Sommers.[1]  She alleged that Gerald committed fraud and other

_____

[1]  We refer to the parties by their first names for clarity.

misconduct in the dissolution proceeding, and she sought to set aside portions of the judgment affected by the alleged misconduct and to adjudicate omitted community estate assets. Because she filed her motion more than one year after Gerald's death, she moved to substitute Russel Sommers and Nicole Douglas, the trustees of the Gerald L. Sommers Revocable Living Trust (collectively Trustees), as the respondents in the dissolution action.[2] The trial court granted the motion for substitution, but dismissed Gloria's motion for partial set-aside of the judgment and to adjudicate omitted community estate assets because it concluded that the motion was barred under Code of Civil Procedure section 366.2, subdivision (a),[3] which requires an action on a liability of the person to be commenced within one year after the date of death. The trial court subsequently granted the Trustees' motion for sanctions against Gloria pursuant to Family Code section 271 and Code of Civil Procedure sections 128.5 and 128.7.

Gloria now contends that the trial court erred in (1) dismissing her request for adjudication of omitted community estate assets; (2) concluding that her motion for a partial set-aside of the judgment was barred under section 366.2; and (3) awarding sanctions against her pursuant to Family Code section 271 and Code of Civil Procedure sections 128.5 and 128.7.

We conclude that (1) the trial court erred in concluding that it had lost jurisdiction to award omitted community estate assets, and section 366.2 did not apply; (2) the trial court erred in concluding that the statute of limitations period in section 366.2, and not the limitation periods in Family Code section 2122, apply to Gloria's partial set-aside motion; and (3) we must reverse the sanctions order because that order is based solely on

<hr />

[2] Russel Sommers is Gerald's son. Nicole Douglas is Gerald and Gloria's daughter. Trustees alleged that the Gerald L. Sommers Revocable Living Trust is the sole beneficiary under Gerald's will.

[3] Undesignated statutory references are to the Code of Civil Procedure.

2

the merit of Gloria's opposition to the erroneous claim that the section 366.2 statute of limitations applied to her motion.

We will reverse the order of dismissal and the order awarding sanctions against Gloria and remand the matter so that the trial court may make factual findings under Family Code section 2122.

BACKGROUND

Gerald and Gloria married in 1981. Gloria filed a petition for dissolution of marriage in 2011. A judgment of dissolution was entered on December 5, 2011. The trial court reserved jurisdiction over all other issues.

More than two years later, Gerald and Gloria entered into a marital settlement agreement in order "to make a final and complete settlement of all rights and obligations between the parties, including all property rights and all rights and obligations and spousal support." The agreement confirmed certain community property assets to Gerald as his separate property, including business entities named Sommercal Concrete, Inc. and Sommercal Construction, Inc. (Reno). The agreement stated that it was unknown at that time how long Gerald would continue to operate those businesses. However, for purposes of settlement, Gerald would pay Gloria an equalizing payment and both parties understood that the marital settlement agreement was a compromise of the parties' respective positions and to the extent that the division of property provided in the agreement was not an equal division of community property, the parties waived an equal division.

The agreement stated that Sommerkal Construction, Inc., another business entity, had no assets and liabilities. That business was also assigned to Gerald as his separate property.

The agreement further provided that Gerald would retain the properties located at 3660 and 3690 33rd Avenue in Sacramento, California (33rd Avenue properties) so long

3

as he operated "the 'Sommercal' companies," but those properties would be sold and the sale proceeds divided equally when Gerald ceased operating the companies.

The agreement also noted that " the parties have each claimed that the other misappropriated funds from the household safe at or around date of separation. All of such claims are waived by each party."

Paragraph 19 of the agreement provided, "Each party warrants to the other that he or she does not have any knowledge of any community assets other than those disclosed and listed in this agreement." And paragraph 20 set forth remedies for the failure to disclose community assets, but stated those remedies did not preclude other remedies in a court of competent jurisdiction.

Gerald filed a declaration of uncontested dissolution, asking the trial court to approve the marital settlement agreement. He also filed a declaration stating that he served Gloria with his Final Declaration of Disclosure, current Income and Expense Declaration and completed Schedule of Assets. The trial court entered a judgment on reserved issues of support, property division and attorney's fees and cost in accordance with the marital settlement agreement on January 8, 2014.

Gerald died on July 8, 2014.

About six months later, Trustees filed a complaint for partition against Gloria with regard to the 33rd Avenue properties. Trustees sought to sell the properties and divide the sale proceeds equally between the Gerald L. Sommers Revocable Living Trust and Gloria. Shortly thereafter, Gloria filed a separate civil action against Russel Sommers, as successor trustee of the Gerald L. Sommers Revocable Living Trust, Sommercal Concrete, Inc., Sommerkal Construction, Inc. and the beneficiaries of Gerald's estate. Among other things, Gloria's complaint sought an order to sell the 33rd Avenue properties and to divide the sale proceeds or for damages.

On October 20, 2015, Gloria further filed, in the marital dissolution action, a request for order to partially set aside the judgment on reserved issues, to adjudicate

4

omitted community estate assets, and to enforce the part of the judgment on reserved issues relating to the 33rd Avenue properties. (A request for order in family law proceedings is a motion or notice of motion. (Cal. Rules of Court, rule 5.92(a).)) Gloria also moved to substitute Trustees as respondents in the marital dissolution action.

With regard to the request for a partial set-aside of the judgment, Gloria alleged that Gerald made fraudulent representations as to the value of certain community property assets, inducing her to sign the marital settlement agreement. She asked the trial court to set aside those portions of the marital settlement agreement relating to (1) $580,000 in cash on hand; (2) Sommerkal Construction, Inc.; and (3) Sommercal Construction, Inc. and Sommercal Concrete, Inc. With regard to the motion to adjudicate omitted community estate assets, Gloria asked the court to make orders regarding (1) rents from Sommercal Construction, Inc.; (2) HBS Self-Storage; and (3) a Great American Life Insurance Company policy on Gerald's life. We need not discuss the third request in Gloria's October 20, 2015, motion, i.e., to enforce the portion of the judgment relating to the 33rd Avenue properties, because the parties stipulated to a resolution of that dispute and Gloria does not raise any issue regarding that ground for her motion on appeal.

Trustees argued in the trial court that Gloria's claims were barred under section 366.2 because she filed her motion more than one year after Gerald's death. Gloria responded that section 366.2 did not apply because she did not bring a probate action or a cause of action "on a liability of the person, whether arising in contract, tort, or otherwise." She asserted that her claim arose under Family Code section 2122, the applicable limitations period is the one set forth in Family Code section 2122, and the family, not probate, court had jurisdiction to hear her set-aside motion.

The trial court granted Gloria's motion to substitute Trustees as respondents. The parties then stipulated that trial on the issue of the applicable statute of limitations would be bifurcated and conducted first.

5

Trustees filed a motion for judgment on the pleadings on the statute of limitations issue. Gloria opposed the motion. The trial court deemed Trustees' motion a motion to dismiss and granted it after hearing oral argument. It concluded there was no express reservation of jurisdiction regarding the matters Gloria sought to litigate and Gloria's claims were barred under section 366.2. Gloria appeals from that order. She also appeals from the order awarding Trustees sanctions in the amount of $134,000 against her under Family Code section 271 and Code of Civil Procedure sections 128.5 and 128.7.

DISCUSSION

I

Gloria argues the trial court erred in dismissing her motion for adjudication of omitted community estate assets.

Gloria's October 20, 2015 motion included a request, made pursuant to Family Code section 2556, for orders regarding community estate assets that allegedly were not adjudicated in the judgment on reserved issues. The trial court concluded that although a court had jurisdiction over property rights issues despite the death of one of the parties to a dissolution proceeding if it expressly reserved jurisdiction over such issues, there was no express reservation of jurisdiction regarding the matters Gloria sought to litigate. Additionally, the trial court concluded that Gloria's motion was barred under section 366.2.

We apply a de novo standard of review to the construction of a statute and the question whether a claim is time-barred. (*Dacey v. Taraday* (2011) 196 Cal.App.4th 962, 979 (*Dacey*); *Embree v. Embree* (2004) 125 Cal.App.4th 487, 491.)

" 'Under California law, a spouse's entitlement to a share of the community property arises at the time that the property is acquired. [Citations.] That interest is not altered except by judicial decree or an agreement between the parties. Hence "under settled principles of California community property law, 'property which is not mentioned in the pleadings as community property is left unadjudicated by decree of

6

divorce, and is subject to future litigation, the parties being tenants in common meanwhile.' " [Citation.] This rule applies to partial divisions of community property as well as divorces unaccompanied by any property adjudication whatsoever.' " (*In re Marriage of Huntley* (2017) 10 Cal.App.5th 1053, 1059; see *In re Marriage of Moore & Ferrie* (1993) 14 Cal.App.4th 1472, 1480 [wife retained her interest in the community property portion of husband's pension as a tenant in common where the parties' interest in the pension was not adjudicated in the judgment].)

Prior to the enactment of former Civil Code section 4353 (now Family Code section 2556), a spouse who believed that community property was omitted from a dissolution proceeding was required to bring a separate civil action for partition. (*In re Marriage of Hixson* (2003) 111 Cal.App.4th 1116, 1121.) To alleviate the expense and burdens associated with filing a separate civil action, the Legislature enacted what is now Family Code section 2556 to permit litigation of omitted or unadjudicated community property claims by way of postjudgment motions and orders to show cause in the prior family law matter. (*Hixson*, at p. 1121.; see *In re Marriage of Huntley, supra*, 10 Cal.App.5th at p. 1059.) As pertinent here, Family Code section 2556 provides, "[i]n a proceeding for dissolution of marriage, . . . the court has continuing jurisdiction to award community estate assets . . . to the parties that have not been previously adjudicated by a judgment in the proceeding." A community estate asset is an omitted or unadjudicated asset if the judgment does not adjudicate the asset's character and each spouse's interest in it, even though the judgment refers to the asset or each spouse was otherwise aware of the asset. (*In re Marriage of Huntley,* at pp. 1060-1061.) " '[T]he crucial question is whether the [asset was] actually litigated and divided in the previous proceeding.' " (*Id.* at p. 1061.)

The trial court erred in concluding that it had lost jurisdiction to award omitted community estate assets. Because the trial court had continuing jurisdiction over omitted or unadjudicated community estate assets, an express reservation of jurisdiction in the

7

judgment on reserved issues was not required. (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group June 2020 Update), ¶ 8:1515.) Under Family Code section 2556, "the [trial] court shall equally divide the omitted or unadjudicated community estate asset or liability, unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset or liability." (Fam. Code, § 2556.)

Further, the portion of Gloria's October 20, 2015 motion seeking adjudication of omitted community estate assets under Family Code section 2556 was not time-barred. Family Code section 2556 imposes no time limit for a postjudgment motion or order to show cause under that statute. (Fam. Code, § 2556; *In re Marriage of Huntley, supra,* 10 Cal.App.5th at pp. 1060-1061.)

Trustees contend that Gloria's motion, which includes her Family Code section 2556 request, was untimely under section 366.2, subdivision (a). Section 366.2, subdivision (a) provides, "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." The statute applies to actions brought on liabilities of persons dying on or after January 1, 1993. (§ 366.2, subd. (c).)

In interpreting a statute, " '[w]e first examine the words [of the statute] because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.' [Citation.] If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls." (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818.) We avoid a construction that

8

would render any word in the statute surplusage, if possible. (*In re Anthony C.* (2006) 138 Cal.App.4th 1493, 1510.)

Section 366.2, subdivision (a) applies to an "action." (§ 366.2, subd. (a); see also *County Line Holdings, LLC v. McClanahan* (2018) 22 Cal.App.5th 1067, 1071 ["Section 366.2, subdivision (a), by its terms, limits the time for bringing a 'cause of action.' "].) An "action" is "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (§ 22; *Dacey, supra*, 196 Cal.App.4th at p. 981.) " 'Action' as distinguished from 'motion,' means an independent action." (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 909.) In contrast with an action, a motion is an application for an order. (§ 1003; *County of Santa Clara v. Perry* (1998) 18 Cal.4th 435, 442 [a pleading and a noticed motion are quite distinct].) Here, Gloria did not bring an independent action; she filed a postjudgment motion. (Family Code, § 2122; Cal. Rules of Court, rule 5.92(a).)

Even if Gloria's motion was an "action" within the meaning of section 366.2, her request for adjudication of omitted community estate assets was not an action "on a liability of the person." Liability means " ' "[a]menability or responsibility to law; the condition of one who is subject to a charge or duty which may be judicially enforced." [Citation.] And it may arise from contracts expressed or implied, or in consequence of torts.' " (*GMS Properties, Inc. v. Superior Court* (1963) 219 Cal.App.2d 407, 411.) "Liability of the person, or 'personal liability' means '[l]iability for which one is personally accountable and for which a wronged party can seek satisfaction out of the wrongdoer's personal assets.' " (*Estate of Yool* (2007) 151 Cal.App.4th 867, 875.)

Gloria's request for the division of omitted community assets was based on her present and existing interest as an owner of community property, and not as a promisor or a creditor like the plaintiff in *Embree*, a case Trustees rely on, or as a plaintiff based on a debt or other liability of Gerald. (Fam. Code, § 751 ["The respective interests of each

spouse in community property during continuance of the marriage relation are present, existing, and equal interests."]; *Henn v. Henn* (1980) 26 Cal.3d 323, 330 [the spouses are tenants in common with regard to community property that is not adjudicated by the decree of divorce]; see *Kenworthy v. Hadden* (1978) 87 Cal.App.3d 696, 701 [the interests of husband and wife in community property are present, existing and equal and not subject to the filing of a creditor's claim under the Probate Code]; *Verner v. Verner* (1978) 77 Cal.App.3d 718, 729 [wife's community property share of husband's retirement funds is not a debt, but a partial ownership interest].)  The October 20, 2015 motion for adjudication of omitted community estate assets was not a complaint for breach of fiduciary duty, breach of contract or some other cause of action.  Section 366.2 did not apply to that motion because the motion was not an action based on Gerald's personal liability.

We will reverse the dismissal order with regard Gloria's Family Code section 2556 motion.

## II

Gloria also contends the trial court erred in concluding that her motion, under Family Code section 2120 et seq., to set aside portions of the judgment on reserved issues is barred under section 366.2.

Trustees argued in the trial court that Gloria's motion was barred under sections 366.2 and 366.3.  In response, Gloria argued that the applicable statute of limitations was found in Family Code section 2122.  On appeal, Trustees rely solely on the statute of limitations in section 366.2.

At the outset, we note that although the judgment on reserved issues provides that the trial court reserved jurisdiction to make orders necessary to carry out the judgment, it did not provide that the trial court would retain jurisdiction generally to modify the judgment.  (*In re Marriage of Melton* (1994) 28 Cal.App.4th 931, 938 [reservation of jurisdiction to "implement" the pension division portion of the judgment did not

10

empower the trial court to rewrite the judgment].) "Generally, once a marital dissolution judgment has become final, the court loses jurisdiction to modify or alter it." (*In re Marriage of Thorne & Raccina* (2012) 203 Cal.App.4th 492, 499.) An express reservation of jurisdiction authorizing the court to subsequently modify a judgment is an exception to that general rule. (*Id.* at p. 500.) But contrary to Gloria's claim, the judgment on reserved issues did not expressly reserve jurisdiction over the properties which are the subject of her set-aside motion, i.e., the cash on hand and the Sommercal/Sommerkal entities.

"In seeking to determine which statute of limitations was intended to govern on facts such as those before us, our goal is to discern the probable intent of the Legislature so as to effectuate the purpose of the laws in question. [Citation.] We examine the statutes in their context and with other legislation on the same subject. [Citation.] If they conflict on a central element, we strive to harmonize them so as to give effect to each. If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation]. Absent a compelling reason to do otherwise, we strive to construe each statute in accordance with its plain language." (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 309-310 (*Rumsey*).)

Each spouse owes fiduciary duties to the other as to the management and control of community property. (Fam. Code, §§ 721, 1100; *In re Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 569.) Those duties extend throughout the dissolution proceedings. (Fam. Code, § 2102; *In re Marriage of Georgiou & Leslie,* at p. 569; *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1151 (*Rubenstein*).) Within six months after entry of judgment, a trial court has discretion to set aside a judgment on grounds including breach of fiduciary duties under section 473, subdivision (b) based on mistake, inadvertence, surprise or excusable neglect. (*In re Marriage of Georgiou & Leslie,* at p. 570.) After the time for seeking relief under section 473 expires, Family

11

Code sections 2120 et seq. provide the exclusive grounds and time limits for an action or motion to set aside a marital dissolution judgment adjudicating division of property. (*In re Marriage of Georgiou & Leslie,* at p. 571; *In re Marriage of Heggie* (2002) 99 Cal.App.4th 28, 32.)

In enacting Family Code sections 2120 et seq., the Legislature acknowledged that "[t]he law governing the circumstances under which a judgment can be set aside, after the time for relief under Section 473 of the Code of Civil Procedure has passed, has been the subject of considerable confusion which has led to increased litigation and unpredictable and inconsistent decisions at the trial and appellate levels." (Fam. Code, § 2120, subd. (d).) Family Code sections 2120 et seq. sought to balance "[t]he public policy of assuring finality of judgments . . . against the public interest in ensuring proper division of marital property, in ensuring sufficient support awards, and in deterring misconduct." (Fam. Code, § 2120, subd. (c); see *Rubenstein, supra,* 81 Cal.App.4th at p. 1144 [stating that Family Code section 2120 et seq. creates an exception to res judicata].) Accordingly, with regard to judgments entered on or after January 1, 1993, Family Code sections 2120 et seq. specify the grounds and time limits for setting aside a judgment in a proceeding for dissolution of marriage. (Fam. Code, §§ 2120, 2122, 2129.)

Family Code section 2121, subdivision (a) provides, in pertinent part, "In proceedings for dissolution of marriage . . . , the court may, on any terms that may be just, relieve a spouse from a judgment, or any part or parts thereof, adjudicating support or division of property, after the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in [Family Code sections 2120 et seq.]." The statute applies " 'when either party is seeking to "undo" a property division judgment that adjudicated particular assets and/or liabilities.' " (*In re Marriage of Georgiou & Leslie, supra*, 218 Cal.App.4th at p. 575 italics omitted; see *Rubenstein, supra*, 81 Cal.App.4th at pp. 1146-1148.)

12

Of relevance here, Family Code section 2122 states, "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following:  [¶]  (a) Actual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding.  An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud.  [¶]  (b) Perjury. An action or motion based on perjury in the preliminary or final declaration of disclosure, the waiver of the final declaration of disclosure, or in the current income and expense statement shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the perjury.  [¶] . . . [¶]  (f) Failure to comply with the disclosure requirements of Chapter 9 (commencing with Section 2100).  An action or motion based on failure to comply with the disclosure requirements shall be brought within one year after the date on which the complaining party either discovered, or should have discovered, the failure to comply."  " 'Once the statutorily-prescribed period [under Family Code section 2122] expires, set-aside relief is not available and the judgment is effectively final for all purposes.' "  (*In re Marriage of Georgiou & Leslie, supra*, 218 Cal.App.4th at p. 571, italics omitted.)

Although Family Code section 2122 does not expressly refer to the circumstance where a spouse dies, the legislative intent, as indicated by the clear language of Family Code sections 2120 and 2122, is that the time limits in Family Code sections 2120 et seq. shall govern a motion for relief from a judgment adjudicating division of property in a dissolution of marriage proceeding.  Family Code section 2121 authorizes such relief "within the time limits, provided in this chapter."  (Fam. Code, § 2121, subd. (a).)  Family Code section 2122 states that the time limits "are governed by this section and shall be one of the following:  [¶] . . . [¶]"  (Fam. Code, § 2122.)  "We must presume that the Legislature intended 'every word, phrase and provision . . . in a statute . . . to have

13

meaning and to perform a useful function.' " (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476.) The time limit for filing a set-aside motion under Family Code sections 2120 et seq., the type of motion Gloria brought, is governed by Family Code section 2122.

As we have explained, section 366.2, subdivision (a) does not apply because Gloria's motion is not an "action." But even if it had some application, where two statutes both apply and are in conflict, the more specific and later enactment controls. (*Rumsey, supra*, 24 Cal.4th at pp. 310-311.) "Section 366.2 is a 'general statute of limitations for all claims against a decedent.' " (*Dacey, supra*, 196 Cal.App.4th at p. 980.) Family Code section 2120 et seq. specifically governs the type of motion Gloria brought. (Fam. Code, §§ 2120, subd. (a), 2122.) And Family Code section 2122 is the later-enacted statute. (Stats. 1850, ch. 127, §24 [former Code of Civ. Proc., § 353, subd. (b), the predecessor to Code of Civ. Proc., § 366.2]; Stats. 1992, ch. 36, § 1 [former Civ. Code, § 4800.11, the predecessor to Fam. Code, § 2122].) Although the long-established section 366.2 provided that an action against a decedent must be brought within one year after the date of death, in enacting Family Code section 2120 et seq. the Legislature expressly set forth different time limits for setting aside a marital dissolution judgment for the division of property based on fraud, perjury, duress, mental incapacity, mistake and failure to comply with the disclosure requirements of Family Code section 2100 et seq. (Fam. Code, § 2121, subd. (a).)

Because the trial court erred in concluding that the statute of limitations in section 366.2 applied, and not the one in Family Code section 2122, the dismissal order must be reversed with regard to Gloria's partial set-aside motion. Under Family Code section 2122, a motion based on fraud, perjury or failure to comply with disclosure requirements must be brought within one year after the date on which the moving party discovered or should have discovered the alleged fraud, perjury or failure to comply with disclosure requirements. The limitations period accrued when Gloria either discovered or should have discovered the facts constituting the fraud, perjury or failure to disclose, not

14

the date when she began to suspect the wrongdoing. (*Rubenstein, supra*, 81 Cal.App.4th at pp. 1148-1150.) Because factual findings are required, we will remand the matter for the trial court to determine whether Gloria timely filed her Family Code section 2120 et seq. motion.

Based on our construction of statutory language, we need not consider Gloria's assertion that her motion was necessarily made under Family Code section 1101 and that *Yeh v. Tai* (2017) 18 Cal.App.5th 953 (*Yeh*) controls the result here.

We disagree with Trustees that *Rumsey, supra*, 24 Cal.4th 301 controls. The issue before the California Supreme Court in *Rumsey* was whether the statute of limitations in Probate Code section 13554 or Family Code section 914 applied to an action by a collection agency against the plaintiff on his deceased wife's debt. (*Rumsey,* pp. 303-304.) We apply the principles of statutory construction applied in *Yeh* and *Rumsey* but neither case is controlling because the statutes at issue in those cases are different from the ones here. (*Rumsey,* at pp. 303-304, 309-311; *Yeh, supra*, 18 Cal.App.5th at pp. 959-960, 962-965.)

We also do not consider Trustees' claim that in paragraph 28 of the marital settlement agreement Gloria waived the right to receive any property on Gerald's death. Trustees did not raise that claim in the trial court. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.)

III

Gloria further challenges the order awarding sanctions against her and in favor of Trustees under Family Code section 271 and Code of Civil Procedure sections 128.5 and 128.7.

Family Code section 271 authorizes an award of attorney's fees and costs as a sanction based on conduct by a party or attorney which "frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (Fam. Code, § 271,

15

subd. (a).)  The statute does not require that the sanctioned conduct be frivolous or taken solely to cause delay.  (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1318.)  Rather, the statute is aimed at conduct that frustrates the settlement of family law litigation.  (*Ibid.*; *In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1082.)

In comparison, section 128.5 authorizes the award of attorney fees as a sanction to control burdensome and unnecessary legal tactics.  (*In re Marriage of Sahafzadeh-Taeb & Taeb* (2019) 39 Cal.App.5th 124, 136.)  Section 128.5 provides, "A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay."  (§ 128.5, subd. (a).)  "Actions or tactics" include making a motion.  (§ 128.5, subd. (b)(1).) " 'Frivolous' means totally and completely without merit or for the sole purpose of harassing an opposing party."  (§ 128.5, subd. (b)(2).)  To warrant sanctions under section 128.5, the action must be frivolous, i.e., any reasonable attorney would agree it is totally and completely without merit, and there must also be a showing of an improper purpose, i.e., subjective bad faith on the part of the attorney or party to be sanctioned. (*In re Marriage of Sahafzadeh-Taeb & Taeb, supra,* 39 Cal.App.5th at pp. 134-135.)

An order imposing expenses must recite in detail the action or tactic or circumstances justifying the order.  (§ 128.5, subd. (c).)  The trial court must specify the basis for finding frivolousness and bad faith.  (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 996 (*Childs*).)

Section 128.7 provides that every petition, motion or other similar paper must be signed by an attorney of record or, if the party is not represented by an attorney, by the party.  (§ 128.7, subd. (a).)  And by presenting a petition, motion or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the paper is not being presented primarily for an improper purpose, such as to harass or to

16

cause unnecessary delay or needless increase in the cost of litigation, and the claims therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. (§ 128.7, subd. (b).) Section 128.7 authorizes sanctions for the violation of the above certifications. (§ 128.7, subd. (c).)

We review the trial court's ruling on Trustees' sanctions motion for abuse of discretion. (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 190 [Section 128.7]; *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478 [Family Code section 271]; *Childs, supra,* 29 Cal.App.4th at pp. 996-997 [Section 128.5].)

The only reason the trial court provided for its sanctions award is Gloria's pursuit of the litigation against Trustees in the face of the time-bar under section 366.2. The trial court said, for example, that the Trustees pointed out to Gloria that the theory of her case was fatally flawed yet Gloria pushed forward with the litigation. Trustees' sanctions motion and the letter from the Trustees' counsel to counsel for Gloria in which the "fatal flaw" was pointed out was based solely on the section 366.2 statute of limitations. Because the sanctions order is based solely on the merit of Gloria's opposition to the claim that the section 366.2 statute of limitations applied to her motion and we conclude that the statute of limitations set forth in Family Code section 2122, and not in Code of Civil Procedure section 366.2, applies to the motion, we reverse the sanctions order. (*In re Marriage of Lucio, supra*, 161 Cal.App.4th at pp. 1072, 1083; see *In re Marriage of Abrams* (2003) 105 Cal.App.4th 979, 991.)

DISPOSITION

The trial court's October 25, 2016 order of dismissal and September 26, 2017 order awarding sanctions against Gloria Sommers and in favor of Russell Sommers and Nicole Douglas are reversed. Each party shall bear their or her own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

17

                                        /S/
                              MAURO, J.


We concur:


        /S/
RAYE, P. J.


        /S/
ROBIE, J.

18